McGREGOR W. SCOTT
United States Attorney
R. STEVEN LAPHAM
S. ROBERT TICE-RASKIN
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. S-05-240 GEB |
| | ) | |
| Plaintiff, | ) | NOTICE OF INVOCATION OF |
| | ) | CLASSIFIED INFORMATION |
| v. | ) | PROCEDURES ACT |
| | ) | |
| HAMID HAYAT, and | ) | |
| UMER HAYAT, | ) | |
| | ) | |
| Defendants. | ) | |

The United States of America, by and through its undersigned counsel, respectfully submits this memorandum to apprise the Court of the potential applicability of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), to issues involving classified information which may arise before and during trial of

///
///
///
///
///
///
///
///

1

1 | this matter, and to invoke the application of the Classified
2 | Information Procedures Act as a precautionary matter at this time.
3 | DATED: June 27, 2005          Respectfully submitted,
4 |                               McGREGOR W. SCOTT
  |                               United States Attorney

                                  /s/ R. STEVEN LAPHAM
                                  R. STEVEN LAPHAM
                                  Assistant United States Attorney


                                  /s/ TICE-RASKIN
                                  S. ROBERT TICE-RASKIN
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

MEMORANDUM OF POINTS AND AUTHORITIES

I.   INTRODUCTION

The United States of America, by and through its undersigned counsel, hereby advises the Court that, as a precautionary matter at this time, it invokes application of the provisions of the Classified Information Procedures Act (hereinafter "CIPA"), 18 U.S.C. App. III.  At present, the government has commenced the review of materials from various federal agencies pursuant to its discovery obligations.  During the course of this review, the government may discover some classified material which may be subject to disclosure in advance of trial under applicable discovery rules, statutes and/or case law.  If the government determines that there are classified materials which are discoverable in this case, disclosure of these materials will raise issues of national security that the Court will need to address before the material is provided to the defense.  At present, the government has not reached the conclusion that there are classified materials which are discoverable, and which require handling in accordance with CIPA procedures.  If, however, this becomes a reasonable likelihood, the government will promptly advise the Court and move for a pretrial conference pursuant to CIPA to consider these issues.

II.   DEFINITIONS, PRETRIAL CONFERENCE,
      PROTECTIVE ORDERS AND DISCOVERY

A.   <u>Definitions of Terms</u>.  Section 1 of CIPA defines "classified information" and "national security," both of which are terms used throughout the statute. Subsection (a) defines "classified information" as "any information or material that has been determined by the United States Government pursuant to an

Executive Order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security. . . ." Subsection (b) defines "national security" as "the national defense and foreign relations of the United States."

B. <u>Pretrial Conference</u>.  Section 2 provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution."  After such a motion is filed, Section 2 states that the district court "shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]."  Again, the government is not requesting a conference at this time.

C. <u>Protective Orders</u>.  Section 3 of CIPA requires the court, upon the request of the United States, to issue an order "to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case. . . ."

D. <u>Discovery of Classified Information by the Defendant</u>.  Section 4 provides, in pertinent part, that "[t]he court, upon sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting the relevant facts that classified information would tend to prove."  Like Rule 16(d)(1) of the Federal Rules of Criminal Procedure, Section 4 of CIPA provides that the United States may

4

demonstrate, in an <u>in camera</u>, <u>ex parte</u> submission to the Court, that the use of such alternatives is warranted. <u>United States</u> v. <u>Sarkissian</u>, 841 F.2d 959, 965 (9th Cir. 1988) (<u>ex parte</u> proceedings under CIPA concerning national security information appropriate where "the government is seeking to withhold classified information from the defendant and an adversary hearing with defense knowledge would defeat the purpose of the discovery rules.") <u>United States</u> v. <u>Yunis</u>, 867 F.2d 617, 622-23 (D.C. Cir. 1989).

The legislative history of Section 4 makes clear that the Court may take national security interests into account in determining whether to permit discovery to be denied, restricted or deferred.[1]

III. SECTION 5 AND 6 OF CIPA; NOTICE
     AND PRETRIAL EVIDENTIARY RULINGS

There are three critical pretrial steps in the handling of classified information under Sections 5 and 6 of CIPA. First, the defendant must specify in detail the precise classified information he reasonably expects to disclose. Second, the Court, upon motion of the United States, shall hold a hearing pursuant to Section 6(a) to determine the use, relevance and admissibility of the proposed evidence. Third, following the Section 6(a) hearing and formal findings of admissibility by the Court, the United States may move to substitute an admission of relevant facts or summaries for classified information that the Court rules is admissible.

A. <u>The Section 5(a) Notice Requirement</u>. The linchpin of CIPA is Section 5(a), which requires a defendant who intends to disclose (or cause the disclosure of) classified information to provide

---

[1] S. Rep. No. 96-823, 96th Cong., 2d Sess. 6 (1980), <u>reprinted in</u> 1980 U.S. Code Cong. & Ad. News at 4300.

timely pretrial written notice of his intention to the court and the United States. Section 5(a) expressly requires that such notice "include a brief description of the classified information." Such notice "must be <u>particularized</u>, setting forth <u>specifically</u> the classified information which the defendant reasonably believes to be necessary to his defense." <u>United States</u> v. <u>Collins</u>, 720 F.2d 1195, 1199 (11th Cir. 1983) (emphasis added); <u>see also</u> <u>United States</u> v. <u>Yunis</u>, 867 F.2d at 623 ("a defendant seeking classified information . . . is entitled only to information that is at least 'helpful to the defense of [the] accused.'"); <u>United States</u> v. <u>Smith</u>, 780 F.2d 1102, 1105 (4th Cir. 1985)(<u>en banc</u>). This requirement applies to both documentary exhibits and oral testimony, whether it is anticipated to be brought out on direct or cross-examination. <u>See</u>, <u>e.g.</u>, <u>United States</u> v. <u>Wilson</u>, 750 F.2d 7 (2d Cir. 1984), <u>cert</u>. <u>denied</u>, 479 U.S. 839 (1986); <u>United States</u> v. <u>Collins</u>, 720 F.2d 1195 (11th Cir. 1983).

If a defendant fails to provide a sufficiently detailed notice far enough in advance of trial to permit the implementation of CIPA procedures, Section 5(b) allows the Court to preclude disclosure of the classified information. Similarly, if the defendant attempts to disclose at trial classified information which is <u>not</u> described in his Section 5(a) notice, preclusion is the appropriate remedy under Section 5(b) of CIPA. <u>See</u> <u>United States</u> v. <u>Smith</u>, 780 F.2d at 1105 ("A defendant is forbidden from disclosing any such information absent the giving of notice."); <u>see generally</u> <u>United States</u> v. <u>North</u>, 708 F. Supp. 389 (D.D.C. 1988), <u>appeal dism'd</u>, 859 F.2d 216 (D.C. Cir. 1985), <u>cert</u>. <u>denied</u>, 450 U.S. 1004 (1989).

B.   <u>The Section 6(a) Hearing</u>.  The purpose of the hearing pursuant to Section 6(a) of CIPA is "to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding."  18 U.S.C. App. III, § 6(a).  The statute expressly provides that if the motion of the United States under Section 6(a) is filed before trial or the relevant pretrial proceeding, "the court shall rule [on the use, relevance, or admissibility of the classified information at issue] <u>prior</u> to the commencement of the relevant proceeding."  <u>Id.</u> (emphasis added).

Section 6(b) of CIPA requires that before any hearing is conducted under subsection (a), the United States must notify the defendant of the hearing and identify the classified information which will be at issue.  If the information was not previously made available to the defendant, the United States may, with the Court's approval, provide a generic description of the material to the defendant.

At the Section 6(a) hearing, the Court hears the defense proffer and the arguments of counsel, and then rules whether the classified information identified by the defense is relevant under Rule 401 of the Federal Rules of Evidence.  <u>United States</u> v. <u>Smith</u>, 780 F.2d at 1106; <u>see generally</u> <u>United States</u> v. <u>Yunis</u>, 867 F.2d at 622.[2]  The Court's inquiry does not end there, however, for under

---

[2] CIPA does not change the "generally applicable evidentiary rules of admissibility."  <u>United States</u> v. <u>Wilson</u>, 750 F.2d at 9; <u>accord</u> <u>United States</u> v. <u>Yunis</u>, 867 F.2d at 623.  Rather, CIPA alters the <u>timing</u> of rulings concerning admissibility, so as to require them to be made before trial.  <u>United States</u> v. <u>Poindexter</u>, 698 F. Supp. 316, 318 (D.D.C. 1988); <u>accord</u> <u>United States</u> v. <u>Smith</u>, 780 F.2d at 1106.

Rule 402 of the Federal Rules of Evidence, "[n]ot all relevant evidence is admissible at trial." Id. The Court must also determine whether the evidence is cumulative, "prejudicial, confusing, or misleading," so that it should be excluded under Rule 403 of the Federal Rules of Evidence. United States v. Wilson, 750 F.2d at 9. At the conclusion of the Section 6(a) hearing, the Court must state in writing the reasons for its determination as to each item of classified information.

    C.    Substitution Pursuant to Section 6(c). In the event that the Court rules that one or more items of classified information are admissible, the United States has the option of "substituting" information for the classified information at issue, pursuant to Section 6(c) of CIPA. The United States may move for permission to provide the defense either a substitute statement admitting relevant facts that the classified information would tend to prove, or substitute summary of the classified information that would otherwise be disclosable. See United States v Smith, 780 F.2d at 1105. The Court must grant the motion for substitution "if it finds that the admission or summary will leave the defendant in substantially the same position as would disclosure." United States v. North, 910 F.2d 843, 899 (D.C. Cir. 1990), superseded in part on other grounds, 920 F.2d 940 (1990), cert. denied, 500 U.S. 941 (1991).

IV.    OTHER RELEVANT CIPA PROCEDURES

    A.    Interlocutory Appeal. Section 7(a) of CIPA provides for an interlocutory appeal by the United States from any decision or order of the trial judge "authorizing the disclosure of classified information, imposing sanctions for nondisclosure of classified

information, or refusing a protective order sought by the United States to prevent the disclosure of classified information."  The term "disclosure" relates both to information which the court orders the United States to divulge to the defendant as well as to information already possessed by the defendant which he or she intends to make public.  Section 7(b) instructs the Court of Appeals to give expedited consideration to any interlocutory appeal filed under subsection (a).

     B.   <u>Introduction of Classified Information</u>.  In order to prevent "unnecessary disclosure" of classified information, section 8(b) permits the Court to order admission into evidence of only a part of a writing, recording or photograph.  Alternatively, the Court may order into evidence the entire writing, recording or photograph with all or part of the classified information contained therein excised.  Excision of such classified information may not be authorized, however, if fairness requires that the whole document, recording or photograph be considered.

     Section 8(c) establishes a procedure for addressing the problems that may emerge during the taking of testimony from a witness who possesses classified information not previously found to be admissible.  Section 8 (c) provides that, during the examination of a witness, "the United States may object to any question or line of inquiry that may require the witness to disclose classified information not previously found to be admissible [in a Section 6(a) hearing]."  Following such an objection, the court must "take such suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information." <u>Id</u>.

C. <u>Security Procedures</u>. Section 9 of CIPA required the Chief Justice of the United States to prescribe security procedures for the protection of classified information in the custody of federal courts. On February 12, 1981, Chief Justice Burger promulgated these procedures.

## V. CONCLUSION

In sum, the government presently has not reached the conclusion that there are classified materials which are discoverable, and which require handling in accordance with CIPA procedures. The government will advise the Court if it appears reasonably likely that use of the CIPA procedures will be necessary.