McGREGOR W. SCOTT
United States Attorney
R. STEVEN LAPHAM
S. ROBERT TICE-RASKIN
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CR. NO. S-05-240 GEB |
|---|---|---|
| Plaintiff, | ) ) | WRITTEN MOTION IN SUPPORT OF INVOCATION OF CLASSIFIED |
| v. | ) ) | INFORMATION PROCEDURES ACT AND PRETRIAL HEARING REGARDING |
| HAMID HAYAT, and UMER HAYAT, | ) ) ) | THE SAME |
| Defendants. | ) ) ) | Date: Aug. 19, 2005 Time: 1:00 p.m. Judge: Hon. G.E. Burrell, Jr. |

The United States of America, by and through its undersigned counsel, respectfully files this written motion in support of its previous oral motion for a hearing pursuant to Section 2 of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA").

///
///
///
///
///
///
///
///
///

1

The court has currently set that hearing for August 19, 2005[1].

DATED: July 6, 2005                Respectfully submitted,

                                   McGREGOR W. SCOTT
                                   United States Attorney


                                   /s/ R. STEVEN LAPHAM
                                   R. STEVEN LAPHAM
                                   Assistant United States Attorney


                                   /s/ TICE-RASKIN
                                   S. ROBERT TICE-RASKIN
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

---

[1] This motion includes much of the same legal authority previously provided to the Court in the government's June 27, 2005 Notice of Invocation of Classified Information Procedures Act, as well as updated factual information.

2

MEMORANDUM OF POINTS AND AUTHORITIES

I.   INTRODUCTION

The United States of America, by and through its undersigned counsel, previously advised the Court on June 27, 2005 and July 1, 2005, that it was invoking application of the provisions of the Classified Information Procedures Act (hereinafter "CIPA"), 18 U.S.C. App. III.  The government has contacted various federal agencies and/or sent letters to pertinent federal agencies, including those in the intelligence community, requesting that they review their files to determine if they have information potentially subject to discovery in this case.  Government counsel have been informed that there is at least one classified document that is in the possession, custody and control of the government which is potentially discoverable and it is reasonably likely that the government will submit this document to the Court ex parte, and in camera, pursuant to CIPA, for a determination of whether it is discoverable.  The government's request for and review of pertinent agency evidence has just commenced.  Thus, it is reasonably foreseeable that additional classified and potentially discoverable information will be encountered.  The government will continue to advise the Court regarding its need to utilize CIPA procedures in this case as these issues arise.

II. CIPA IN GENERAL

Congress passed CIPA to prevent the problem of "graymail," where defendants pressed for the release of classified information in an effort to force the government to drop the prosecution. United States v. Sarkissian, 841 F.2d 959, 965 (9th Cir. 1988), citing S. Rep. No. 823, 96th Cong., 2d Sess. 4, reprinted in 1980

U.S. Code Cong. & Admin. News 4294, 4297.  CIPA permits "the trial judge to rule on questions of admissibility involving classified information before introduction of the evidence in open court.  <u>Id</u>.  This procedure . . . permit[s] the government to ascertain the potential damage to national security of proceeding with a given prosecution before trial." <u>Id</u>.  CIPA, among other things, created a pretrial procedure for ruling upon the admissibility of classified information.  <u>Id</u>.  The Act also clarified the court's powers under Fed.R.Crim.P. 16(d)(1) to deny or restrict discovery in order to protect national security.  <u>Id</u>.

III. DEFINITIONS, PRETRIAL CONFERENCE,

    <u>PROTECTIVE ORDERS AND DISCOVERY</u>

    A.  <u>Definitions of Terms</u>.  Section 1 of CIPA defines "classified information" and "national security," both of which are terms used throughout the statute.  Subsection (a) defines "classified information" as "any information or material that has been determined by the United States Government pursuant to an Executive Order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security. . . ."  Subsection (b) defines "national security" as "the national defense and foreign relations of the United States."

    B.  <u>Pretrial Conference</u>.  Section 2 provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution."  After such a motion is filed, Section 2 states that the district court "shall promptly hold a pretrial conference to

establish the timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]."

C.   <u>Protective Orders</u>.  Section 3 of CIPA requires the court, upon the request of the United States, to issue an order "to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case. . . ."

D.   <u>Discovery of Classified Information by the Defendant</u>. Section 4 provides, in pertinent part, that "[t]he court, upon sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting the relevant facts that classified information would tend to prove."  Like Rule 16(d)(1) of the Federal Rules of Criminal Procedure, Section 4 of CIPA provides that the United States may demonstrate, in an <u>in camera</u>, <u>ex parte</u> submission to the Court, that the use of such alternatives is warranted.  <u>United States v. Sarkissian</u>, 841 F.2d at 965 (<u>ex parte</u> proceedings under CIPA concerning national security information appropriate where "the government is seeking to withhold classified information from the defendant and an adversary hearing with defense knowledge would defeat the purpose of the discovery rules."); <u>United States v. Yunis</u>, 867 F.2d 617, 622-23 (D.C. Cir. 1989)[2].

---

[2] Ex parte hearings are generally disfavored. <u>See, e.g.</u>, <u>United States v. Kenney</u>, 911 F.2d 315, 321 (9th Cir.1990).  "In a case involving classified documents, however, *ex parte, in camera*

The legislative history of Section 4 makes clear that the Court may take national security interests into account in determining whether to permit discovery to be denied, restricted or deferred.[3]

## IV. SECTION 5 AND 6 OF CIPA; NOTICE AND PRETRIAL EVIDENTIARY RULINGS

There are three critical pretrial steps in the handling of classified information under Sections 5 and 6 of CIPA.  First, the defendant must specify in detail the precise classified information he reasonably expects to disclose.  Second, the Court, upon motion of the United States, shall hold a hearing pursuant to Section 6(a) to determine the use, relevance and admissibility of the proposed evidence.  Third, following the Section 6(a) hearing and formal

---

hearings in which government counsel participates to the exclusion of defense counsel are part of the process that the district court may use in order to decide the relevancy of the information." United States v. Klimavicius-Viloria, 144 F.3d 1249, 1261 (9th Cir. 1998). "Such a hearing is appropriate if the court has questions about the confidential nature of the information or its relevancy." Id. "Further, while these statutes specify written submissions, they do not rule out hearings in which government counsel participate." Id.
   In a similar vein, courts have explained that the very purpose of seeking a protective order under Rule 16(d)(1) would be lost in certain instances if the application were not pursued *ex parte* and *in camera*. United States v. Ott, 827 F.2d 473, 576-77 (9th Cir. 1987) (finding that the status of a security clearance of defense counsel was irrelevant and that Congress had a legitimate interest in ensuring that sensitive security information was not unnecessarily disseminated); United States v. Pelton, 578 F.2d 701, 707 (8th Cir. 1978) ([a]n adversary proceeding would have defeated the very purpose of the requested order by revealing [the witnesses'] identities to [the defendant]), cert. denied, 439 U.S. 964 (1978); In re Taylor, 567 F.2d 1183, 1187-89 (2d Cir. 1977) (*in camera*, *ex parte* proceedings serve to resolve conflict between defendant's rights to discovery and Government's claim of privilege).

[3] S. Rep. No. 96-823, 96th Cong., 2d Sess. 6 (1980), reprinted in 1980 U.S. Code Cong. & Ad. News at 4300.

6

findings of admissibility by the Court, the United States may move to substitute an admission of relevant facts or summaries for classified information that the Court rules is admissible.

A. <u>The Section 5(a) Notice Requirement</u>. The linchpin of CIPA is Section 5(a), which requires a defendant who intends to disclose (or cause the disclosure of) classified information to provide timely pretrial written notice of his intention to the court and the United States. Section 5(a) expressly requires that such notice "include a brief description of the classified information." Such notice "must be <u>particularized</u>, setting forth <u>specifically</u> the classified information which the defendant reasonably believes to be necessary to his defense." <u>United States v. Collins</u>, 720 F.2d 1195, 1199 (11th Cir. 1983) (emphasis added); <u>see also</u> <u>United States v. Yunis</u>, 867 F.2d at 623 ("a defendant seeking classified information . . . is entitled only to information that is at least 'helpful to the defense of [the] accused.'"); <u>United States v. Smith</u>, 780 F.2d 1102, 1105 (4th Cir. 1985)(<u>en</u> <u>banc</u>). This requirement applies to both documentary exhibits and oral testimony, whether it is anticipated to be brought out on direct or cross-examination. <u>See</u>, <u>e.g.</u>, <u>United States v. Wilson</u>, 750 F.2d 7 (2d Cir. 1984), <u>cert</u>. <u>denied</u>, 479 U.S. 839 (1986); <u>United States v. Collins</u>, 720 F.2d 1195 (11th Cir. 1983).

If a defendant fails to provide a sufficiently detailed notice far enough in advance of trial to permit the implementation of CIPA procedures, Section 5(b) allows the Court to preclude disclosure of the classified information. Similarly, if the defendant attempts to disclose at trial classified information which is <u>not</u> described in

his Section 5(a) notice, preclusion is the appropriate remedy under Section 5(b) of CIPA.  See United States v. Smith, 780 F.2d at 1105 ("A defendant is forbidden from disclosing any such information absent the giving of notice."); see generally United States v. North, 708 F. Supp. 389 (D.D.C. 1988), appeal dism'd, 859 F.2d 216 (D.C. Cir. 1985), cert. denied, 450 U.S. 1004 (1989).

     B.   The Section 6(a) Hearing.  The purpose of the hearing pursuant to Section 6(a) of CIPA is "to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding."  18 U.S.C. App. III, § 6(a).  The statute expressly provides that if the motion of the United States under Section 6(a) is filed before trial or the relevant pretrial proceeding, "the court shall rule [on the use, relevance, or admissibility of the classified information at issue] prior to the commencement of the relevant proceeding."  Id. (emphasis added).

     Section 6(b) of CIPA requires that before any hearing is conducted under subsection (a), the United States must notify the defendant of the hearing and identify the classified information which will be at issue.  If the information was not previously made available to the defendant, the United States may, with the Court's approval, provide a generic description of the material to the defendant.

     At the Section 6(a) hearing, the Court hears the defense proffer and the arguments of counsel, and then rules whether the classified information identified by the defense is relevant under Rule 401 of the Federal Rules of Evidence.  United States v. Smith,

780 F.2d at 1106; see generally United States v. Yunis, 867 F.2d at 622.[4]  The Court's inquiry does not end there, however, for under Rule 402 of the Federal Rules of Evidence, "[n]ot all relevant evidence is admissible at trial."  Id.  The Court must also determine whether the evidence is cumulative, "prejudicial, confusing, or misleading," so that it should be excluded under Rule 403 of the Federal Rules of Evidence.  United States v. Wilson, 750 F.2d at 9.  At the conclusion of the Section 6(a) hearing, the Court must state in writing the reasons for its determination as to each item of classified information.

    C.   Substitution Pursuant to Section 6(c).  In the event that the Court rules that one or more items of classified information are admissible, the United States has the option of "substituting" information for the classified information at issue, pursuant to Section 6(c) of CIPA.  The United States may move for permission to provide the defense either a substitute statement admitting relevant facts that the classified information would tend to prove, or substitute summary of the classified information that would otherwise be disclosable.  See United States v Smith, 780 F.2d at 1105.  The Court must grant the motion for substitution "if it finds that the admission or summary will leave the defendant in substantially the same position as would disclosure."  United States v. North, 910 F.2d 843, 899 (D.C. Cir. 1990), superseded in part on

---

[4] CIPA does not change the "generally applicable evidentiary rules of admissibility."  United States v. Wilson, 750 F.2d at 9; accord United States v. Yunis, 867 F.2d at 623.  Rather, CIPA alters the timing of rulings concerning admissibility, so as to require them to be made before trial.  United States v. Poindexter, 698 F. Supp. 316, 318 (D.D.C. 1988); accord United States v. Smith, 780 F.2d at 1106.

other grounds, 920 F.2d 940 (1990), cert. denied, 500 U.S. 941 (1991).

V.   OTHER RELEVANT CIPA PROCEDURES

    A.   Interlocutory Appeal.  Section 7(a) of CIPA provides for an interlocutory appeal by the United States from any decision or order of the trial judge "authorizing the disclosure of classified information, imposing sanctions for nondisclosure of classified information, or refusing a protective order sought by the United States to prevent the disclosure of classified information."  The term "disclosure" relates both to information which the court orders the United States to divulge to the defendant as well as to information already possessed by the defendant which he or she intends to make public.  Section 7(b) instructs the Court of Appeals to give expedited consideration to any interlocutory appeal filed under subsection (a).

    B.   Introduction of Classified Information.  In order to prevent "unnecessary disclosure" of classified information, section 8(b) permits the Court to order admission into evidence of only a part of a writing, recording or photograph.  Alternatively, the Court may order into evidence the entire writing, recording or photograph with all or part of the classified information contained therein excised.  Excision of such classified information may not be authorized, however, if fairness requires that the whole document, recording or photograph be considered.

    Section 8(c) establishes a procedure for addressing the problems that may emerge during the taking of testimony from a witness who possesses classified information not previously found to

be admissible. Section 8(c) provides that, during the examination of a witness, "the United States may object to any question or line of inquiry that may require the witness to disclose classified information not previously found to be admissible [in a Section 6(a) hearing]." Following such an objection, the court must "take such suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information." Id.

    C.   Security Procedures. Section 9 of CIPA required the Chief Justice of the United States to prescribe security procedures for the protection of classified information in the custody of federal courts. On February 12, 1981, Chief Justice Burger promulgated these procedures. A copy of those rules are attached hereto as Exhibit A and provide for, among other things, the appointment of a Court Security Officer, the establishment of secure quarters for in camera proceedings, appropriate clearances for court personnel, and procedures for the custody and handling of classified material.

VI. CONCLUSION

    In sum, the government presently has reached the conclusion that there are at least some classified materials which arguably may be discoverable in this case, and which require handling in accordance with CIPA procedures. The government will apprise the Court regarding the government's need to utilize CIPA procedures in connection with other pretrial and trial issues as they arise.

EXHIBIT A

SECURITY PROCEDURES ESTABLISHED PURSUANT TO PUB.L. 96-456, 94 STAT. 2025, BY THE CHIEF JUSTICE OF THE UNITED STATES FOR THE PROTECTION OF CLASSIFIED INFORMATION

1. Purpose. The purpose of these procedures is to meet the requirements of Section 9(a) of the Classified Information Procedures Act of 1980, Pub.L. 96-456, 94 Stat. 2025, which in pertinent part provides that:

". . . [T]he Chief Justice of the United States, in consultation with the Attorney General, the Director of Central Intelligence, and the Secretary of Defense, shall prescribe rules establishing procedures for the protection against unauthorized disclosure of any classified information in the custody of the United States district courts, courts of appeal, or Supreme Court. . . ."

These procedures apply in all proceedings in criminal cases involving classified information, and appeals therefrom, before the United States district courts, the courts of appeal and the Supreme Court.

2. Court Security Officer. In any proceeding in a criminal case or appeal therefrom in which classified information is within, or reasonably expected to be within, the custody of the court, the court shall designate a court security officer. The Attorney General or the Department of Justice Security Officer, with the concurrence of the head of the agency or agencies from which the classified information originates, or their representatives, shall recommend to the court persons qualified to serve as court security officer. The court security officer shall be selected from among those persons so recommended.

The court security officer shall be an individual with demonstrated competence in security matters, and shall, prior to designation, have been certified to the court in writing by the Department of Justice Security Officer as cleared for the level and category of classified information that will be involved. The court security officer may be an employee of the Executive Branch of the Government detailed to the court for this purpose. One or more alternate court security officers, who have been recommended and cleared in the manner specified above, may be designated by the court as required.

The court security officer shall be responsible to the court for document, physical, personnel and communications security, and shall take measures reasonably necessary to fulfill these responsibilities. The court security officer shall notify the court and the Department of Justice Security Officer of any actual,

attempted, or potential violation of security procedures.

3. Secure Quarters. Any in camera proceeding--including a pretrial conference, motion hearing, or appellate hearing--concerning the use, relevance, or admissibility of classified information, shall be held in secure quarters recommended by the court security officer and approved by the court.

The secure quarters shall be located within the Federal courthouse, unless it is determined that none of the quarters available in the courthouse meets, or can reasonably be made equivalent to, security requirements of the Executive Branch applicable to the level and category of classified information involved. In that event, the court shall designate the facilities of another United States Government agency, recommended by the court security officer, which is located within the vicinity of the courthouse, as the site of the proceedings.

The court security officer shall make necessary arrangements to ensure that the applicable Executive Branch standards are met and shall conduct or arrange for such inspection of the quarters as may be necessary. The court security officer shall, in consultation with the United States Marshal, arrange for the installation of security devices and take such other measures as may be necessary to protect against any unauthorized access to classified information. All of the aforementioned activity shall be conducted in a manner which does not interfere with the orderly proceedings of the court. Prior to any hearing or other proceeding, the court security officer shall certify in writing to the court that the quarters are secure.

4. Personnel Security--Court Personnel. No person appointed by the court or designated for service therein shall be given access to any classified information in the custody of the court, unless such person has received a security clearance as provided herein and unless access to such information is necessary for the performance of an official function. A security clearance for justices and judges is not required, but such clearance shall be provided upon the request of any judicial officer who desires to be cleared.

The court shall inform the court security officer or the attorney for the government of the names of court personnel who may require access to classified information. That person shall then notify the Department of Justice Security Officer, who shall promptly make arrangements to obtain any necessary security clearances and shall approve such clearances under standards of the Executive Branch applicable to the level and category of classified information involved. The Department of Justice Security Officer shall advise the court in writing when the necessary security clearances have been obtained.

If security clearances cannot be obtained promptly, personnel in the Executive Branch having the necessary clearances may be temporarily assigned to assist the court. If a proceeding is required to be recorded and an official court reporter having the necessary security clearance is unavailable, the court may request the court security officer or the attorney for the government to have a cleared reporter from the Executive Branch designated to act as reporter in the proceedings. The reporter so designated shall take the oath of office as prescribed by 28 U.S.C. § 753(a).

Justices, judges and cleared court personnel shall not disclose classified information to anyone who does not have a security clearance and who does not require the information in the discharge of an official function. However, nothing contained in these procedures shall preclude a judge from discharging his official duties, including giving appropriate instructions to the jury.

Any problem of security involving court personnel or persons acting for the court shall be referred to the court for appropriate action.

5. Persons Acting for the Defendant. The government may obtain information by any lawful means concerning the trustworthiness of persons associated with the defense and may bring such information to the attention of the court for the court's consideration in framing an appropriate protective order pursuant to Section 3 of the Act.

6. Jury. Nothing contained in these procedures shall be construed to require an investigation or security clearance of the members of the jury or interfere with the functions of a jury, including access to classified information introduced as evidence in the trial of a case.

After a verdict has been rendered by a jury, the trial judge should consider a government request for a cautionary instruction to jurors regarding the release or disclosure of classified information contained in documents they have reviewed during the trial.

7. Custody and Storage of Classified Materials.

a. Materials Covered. These security procedures apply to all papers, documents, motions, pleadings, briefs, notes, records of statements involving classified information, notes relating to classified information taken during in camera proceedings, orders, affidavits, transcripts, untranscribed notes of a court reporter, magnetic recordings, or any other submissions or records which contain classified information as the term is defined in Section 1(a) of the Act, and which are in the custody of the court. This includes, but is not limited to (1) any motion made in connection with a pretrial

conference held pursuant to Section 2 of the Act, (2) written statements submitted by the United States pursuant to Section 4 of the Act, (3) any written statement or written notice submitted to the court by the defendant pursuant to Section 5(a) of the Act, (4) any petition or written motion made pursuant to Section 6 of the Act, (5) any description of, or reference to, classified information contained in papers filed in an appeal, pursuant to Section 7 of the Act and (6) any written statement provided by the United States or by the defendant pursuant to Section 8(c) of the Act.

b. Safekeeping. Classified information submitted to the court shall be placed in the custody of the court security officer who shall be responsible for its safekeeping. When not in use, the court security officer shall store all classified materials in a safe or safe-type steel file container with built-in, dial-type, three position, changeable combinations which conform to the General Services Administration standards for security containers. Classified information shall be segregated from other information unrelated to the case at hand by securing it in a separate security container. If the court does not possess a storage container which meets the required standards, the necessary storage container or containers are to be supplied to the court on a temporary basis by the appropriate Executive Branch agency as determined by the Department of Justice Security Officer. Only the court security officer and alternate court security officer(s) shall have access to the combination and the contents of the container unless the court, after consultation with the security officer, determines that a cleared person other than the court security officer may also have access.

For other than temporary storage (e.g., brief court recess), the court security officer shall insure that the storage area in which these containers shall be located meets Executive Branch standards applicable to the level and category of classified information involved. The secure storage area may be located within either the Federal courthouse or the facilities of another United States Government agency.

c. Transmittal of Classified Information. During the pendency of a trial or appeal, classified materials stored in the facilities of another United States Government agency shall be transmitted in the manner prescribed by the Executive Branch security regulations applicable to the level and category of classified information involved. A trust receipt shall accompany all classified materials transmitted and shall be signed by the recipient and returned to the court security officer.

8. Operating Routine.

a. Access to Court Records. Court personnel shall have access to court records only as authorized. Access to classified information

by court personnel shall be limited to the minimum number of cleared persons necessary for operating purposes. Access includes presence at an in camera hearing or any other proceeding during which classified information may be disclosed. Arrangements for access to classified information in the custody of the court by court personnel and persons acting for the defense shall be approved in advance by the court, which may issue a protective order concerning such access.

Except as otherwise authorized by a protective order, persons acting for the defendant will not be given custody of classified information provided by the government. They may, at the discretion of the court, be afforded access to classified information provided by the government in secure quarters which have been approved in accordance with § 3 of these procedures, but such classified information shall remain in the control of the court security officer.

b. Telephone Security. Classified information shall not be discussed over standard commercial telephone instruments or office intercommunication systems.

c. Disposal of Classified Material. The court security officer shall be responsible for the secure disposal of all classified materials which are not otherwise required to be retained.

9. Records Security.

a. Classification Markings. The court security officer, after consultation with the attorney for the government, shall be responsible for the marking of all court documents containing classified information with the appropriate level of classification and for indicating thereon any special access controls that also appear on the face of the document from which the classified information was obtained or that are otherwise applicable.

Every document filed by the defendant in the case shall be filed under seal and promptly turned over to the court security officer. The court security officer shall promptly examine the document and, in consultation with the attorney for the government or representative of the appropriate agency, determine whether it contains classified information. If it is determined that the document does contain classified information, the court security officer shall ensure that it is marked with the appropriate classification marking. If it is determined that the document does not contain classified information, it shall be unsealed and placed in the public record. Upon the request of the government, the court may direct that any document containing classified information shall thereafter be protected in accordance with § 7 of these procedures.

b. Accountability System. The court security officer shall be responsible for the establishment and maintenance of a control and accountability system for all classified information received by or transmitted from the court.

10. Transmittal of the Record on Appeal. The record on appeal, or any portion thereof, which contains classified information shall be transmitted to the court of appeals or to the Supreme Court in the manner specified in § 7(c) of these procedures.

11. Final Disposition. Within a reasonable time after all proceedings in the case have been concluded, including appeals, the court shall release to the court security officer all materials containing classified information. The court security officer shall then transmit them to the Department of Justice

Security Officer who shall consult with the originating agency to determine the appropriate disposition of such materials. Upon the motion of the government, the court may order the return of the classified documents and materials to the department or agency which originated them. The materials shall be transmitted in the manner specified in § 7(c) of these procedures and shall be accompanied by the appropriate accountability records required by § 9(b) of these procedures.

12. Expenses. Expenses of the United States Government which arise in connection with the implementation of these procedures shall be borne by the Department of Justice or other appropriate Executive Branch agency.

13. Interpretation. Any question concerning the interpretation of any security requirement contained in these procedures shall be resolved by the court in consultation with the Department of Justice Security Officer and the appropriate Executive Branch agency security officer.

14. Term. These procedures shall remain in effect until modified in writing by The Chief Justice after consultation with the Attorney General of the United States, the Director of Central Intelligence, and the Secretary of Defense.

15. Effective Date. These procedures shall become effective forty-five days after the date of submission to the appropriate Congressional Committees, as required by the Act.

Issued this 12th day of February, 1981, after taking into account the views of the Attorney General of the United States, the Director of Central Intelligence, and the Secretary of Defense, as required by law.

/s/WARREN E. BURGER Chief Justice of the United States