McGREGOR W. SCOTT
United States Attorney
S. ROBERT TICE-RASKIN
Assistant U.S. Attorney
LAURA FERRIS
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2700

BARRY M. SABIN
Chief, Counterterrorism Section
STEVEN A. TYRRELL
Deputy Chief, Counterterrorism Section
SHARON LEVER
Trial Attorney, Counterterrorism Section
Criminal Division
U.S. Department of Justice
10th and Constitution Avenue, N.W.
Washington, D.C.  20005
Telephone: (202) 514-0849

FILED

SEP 22 2005

ERK, U.S. DISTRICT COURT
RN DISTRICT OF CALIFOR.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CR. NO. 05-240 GEB |
|---|---|---|
| Plaintiff, | ) | VIOLATIONS: 18 U.S.C. § 2339A - Providing Material Support to Terrorists; 18 U.S.C. § 1001 - False Statements (3 Counts) |
| v. | ) | |
| HAMID HAYAT, and UMER HAYAT, | ) | |
| Defendants. | ) | |

F I R S T

S U P E R S E D I N G   I N D I C T M E N T

COUNT ONE:     [18 U.S.C. § 2339A - Providing Material Support to
               Terrorists]

    The Grand Jury charges:

                        HAMID HAYAT,

defendant herein, as follows:

1

A. Introduction

1. At all times relevant to this First Superseding Indictment, defendants Hamid Hayat and Umer Hayat were United States citizens. Umer Hayat was the father of Hamid Hayat. They resided, for a limited portion of time, in Lodi, California.

2. As used in this First Superseding Indictment, "jihad" is an Arabic word meaning "holy war." In this context, jihad refers to the use of violence, including paramilitary action, against persons, property or governments deemed to be enemies of a fundamentalist version of Islam. "Jihadist training" is paramilitary training received by individuals in preparation to wage jihad. A "jihadist training camp" is a facility where individuals receive jihadist training.

B. Defendant Hamid Hayat's Provision of and Concealment of Material Support

3. As set forth more fully below, commencing in or about March, 2003, in the Counties of San Joaquin and Sacramento, State and Eastern District of California, and elsewhere, and continuing through on or about June 4, 2005, defendant Hamid Hayat provided material support and resources, to wit, personnel in the form of his person; attempted to conceal and disguise the nature of such material support and resources; and concealed and disguised the nature of such material support and resources; knowing and intending that the material support and resources were to be used in preparation for, and in carrying out, a violation of Title 18, United States Code, Section 2332b (Acts of Terrorism Transcending National Boundaries).

//

2

C.  **Defendant Hamid Hayat's Jihadist Training**

4.  Commencing in or about March, 2003, defendant Hamid Hayat indicated to a cooperating witness that he intended to travel to Pakistan.

5.  On or about April 19 to April 21, 2003, defendant Hamid Hayat traveled from the United States to Pakistan via a commercial airline, a facility of interstate and international commerce.

6.  At some point, no earlier than approximately Fall, 2003, defendant Hamid Hayat provided himself as a recruit to receive training at a jihadist training camp in Pakistan.

7.  During a period of months sometime between Fall, 2003 and Fall, 2004, defendant Hamid Hayat attended the jihadist training camp in Pakistan and, among other things, received training in physical fitness, firearms, and means to wage jihad.

D.  **Defendant Hamid Hayat's Intent to Wage Jihad in the United States**

8.  On or about May 27, 2005, defendant Hamid Hayat departed Pakistan for the United States via a commercial airline, a facility of interstate and international commerce. At this time, defendant Hamid Hayat intended to return to the United States and intended, upon receipt of orders from other individuals, to wage jihad in the United States against persons within the United States and against real and personal property within the United States.

E.  **Defendant Hamid Hayat's Concealment of His Jihadist Training and Plans to Wage Jihad**

9.  On or about May 30, 2005, defendant Hamid Hayat's plane was diverted to Narita, Japan. When questioned by the Federal Bureau of Investigation ("FBI") on that day, defendant Hamid Hayat concealed the fact that he had received jihadist training, and that

3

1  he was returning to the United States for the purpose of waging
2  jihad.
3       10.  On or about May 30, 2005, following FBI questioning,
4  defendant Hamid Hayat was permitted to depart Japan for the United
5  States.  That same day, he returned to the United States via a
6  commercial airline, a facility of interstate and international
7  commerce.
8       11.  On or about June 3, 2005, when questioned by the FBI in
9  Lodi, California, defendant Hamid Hayat concealed the fact that he
10 had received jihadist training, and that he had returned to the
11 United States for the purpose of waging jihad.
12      12.  On or about June 4, 2005, when questioned by the FBI in
13 Sacramento, California, defendant Hamid Hayat concealed the fact
14 that he had received jihadist training and that he had returned to
15 the United States for the purpose of waging jihad.
16      All in violation of Title 18, United States Code, Sections
17 2339A, and 3238.
18 COUNT TWO:    [18 U.S.C. § 1001 - Making a False Statement]
19           The Grand Jury further charges:   T H A T
20                          HAMID HAYAT,
21 defendant herein, on or about June 3, 2005, in the County of San
22 Joaquin, State and Eastern District of California, in a matter
23 within the jurisdiction of the Federal Bureau of Investigation, an
24 agency of the United States, involving international and domestic
25 terrorism, did knowingly and willfully make a false, fictitious, and
26 fraudulent statement of material fact to a federal agent, to wit:
27 that he was not involved in any way with any type of terrorist
28 organization, that he never attended any type of terrorist training

4

1  camp, that he never attended a jihadist training camp, that he never
2  attended a terrorist training camp in Pakistan, and that he would
3  never be involved in anything related to terrorism, when, in truth
4  and in fact as he then well knew, he had attended one or more
5  jihadist terrorist training camps in Pakistan, all in violation of
6  Title 18, United States Code, Section 1001(a)(2).

COUNT THREE:   [18 U.S.C. § 1001 - Making a False Statement]

The Grand Jury further charges:  T H A T

HAMID HAYAT,

defendant herein, on or about June 4, 2005, in the County of Sacramento, State and Eastern District of California, in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, involving international and domestic terrorism, did knowingly and willfully make a false, fictitious, and fraudulent statement of material fact to a federal agent, to wit: that he never attended a terrorist camp, that he never received any training directed toward a jihad against the United States, and that he never received any weapons training at a jihadist camp, when, in truth and in fact as he then well knew, he had attended one or more jihadist terrorist training camps, which included weapons training, in Pakistan, all in violation of Title 18, United States Code, Section 1001(a)(2).

COUNT FOUR:   [18 U.S.C. § 1001 - Making a False Statement]

The Grand Jury further charges:  T H A T

UMER HAYAT,

defendant herein, on or about June 4, 2005, in the County of Sacramento, State and Eastern District of California, in a matter within the jurisdiction of the Federal Bureau of Investigation, an

5

agency of the United States, involving international and domestic terrorism, did knowingly and willfully make a false, fictitious, and fraudulent statement of material fact to a federal agent, to wit: that he had no first hand knowledge of terrorist training camps in Pakistan that would prepare people to fight for jihad, and that his son, Hamid Hayat, did not attend any terrorist or jihadist training camps, when, in truth and in fact as he then well knew, he had visited various terrorist training camps in Pakistan, and Hamid Hayat had attended one or more jihadist terrorist training camps in Pakistan, all in violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL.

/s/ Signature on file w/AUSA
FOREPERSON

McGREGOR W. SCOTT
United States Attorney

PENALTY SLIP
(FIRST SUPERSEDING INDICTMENT)

**DEFENDANT:**   HAMID HAYAT                                  05 CR 0240 GEB

COUNT ONE:
VIOLATION:   18 U.S.C. § 2339A - Providing Material Support to Terrorists

PENALTY:   Not More Than 15 years imprisonment
Not More Than $250,000 fine, or both;
3-years supervised release.

COUNTS TWO AND THREE:
VIOLATION:   18 U.S.C. § 1001 - Making a False Statement

PENALTY:   Not More Than 8 years imprisonment
Not More Than $250,000 fine, or both;
3-years supervised release.

ASSESSMENT:   Mandatory $100 special assessment each count.


**DEFENDANT:**   UMER HAYAT

COUNT FOUR:
VIOLATION:   18 U.S.C. § 1001 - Making a False Statement

PENALTY:   Not More Than 8 years imprisonment
Not More Than $250,000 fine, or both;
3-years supervised release.

ASSESSMENT:   Mandatory $100 special assessment.

*No.* _____

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

2:05cr-240 GEB

## THE UNITED STATES OF AMERICA

*vs.*

HAMID HAYAT and
UMER HAYAT

## FIRST SUPERSEDING INDICTMENT

**VIOLATION(S):** 18 U.S.C. § 2339A - Providing Material Support to Terrorists;
18 U.S.C. § 1001 - Making a False Statement (3 Counts)

---

*A true bill,*

/S/

*Foreman.*

---

*Filed in open court this* _____ *day*

*of* _____, *A.D. 20* _____

_____
*Clerk.*

---

*Bail, $* _____

GREGORY G. HOLLOWS

---

GPO 863 525