# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
*vs.*

## HAMID HAYAT and
## UMER HAYAT

## SECOND SUPERSEDING INDICTMENT

**VIOLATION(S):** 18 U.S.C. § 2339A - Providing Material Support to Terrorists;
18 U.S.C. § 1001 - Making a False Statement (5 Counts)

*A true bill,*

/S/

*Foreman.*

*Filed in open court this* _____ *day*

*of* _____, A.D. 20 _____

*Clerk.*

Bail, $ Detained

GREGORY G. HOLLOWS

GPO 863 525

```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  S. ROBERT TICE-RASKIN
    Assistant U.S. Attorney
 3  LAURA FERRIS
    Assistant U.S. Attorney
 4  501 I Street, Suite 10-100
    Sacramento, California  95814
 5  Telephone:  (916) 554-2700

 6  MICHAEL MULLANEY
    Acting Chief, Counterterrorism Section
 7  STEVEN A. TYRRELL
    Deputy Chief, Counterterrorism Section
 8  SHARON LEVER
    Trial Attorney, Counterterrorism Section
 9  Criminal Division
    U.S. Department of Justice
10  10th and Constitution Avenue, N.W.
    Washington, D.C.  20005
11  Telephone: (202) 514-0849
```

**FILED**

JAN 2 6 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CR. NO. 05-240 GEB |
|---|---|---|
| Plaintiff, | ) | VIOLATIONS: 18 U.S.C. § 2339A - Providing Material Support to Terrorists; 18 U.S.C. § 1001 - Making a False Statement (5 Counts) |
| v. | ) | |
| HAMID HAYAT, and UMER HAYAT, | ) | |
| Defendants. | ) | |

**S E C O N D**

**S U P E R S E D I N G   I N D I C T M E N T**

COUNT ONE:  [18 U.S.C. § 2339A - Providing Material Support to Terrorists]

   The Grand Jury charges:

                         HAMID HAYAT,

defendant herein, as follows:

1

1.  At all times relevant to this Second Superseding Indictment, defendants Hamid Hayat and Umer Hayat were United States citizens. Umer Hayat was the father of Hamid Hayat. They resided, for a limited portion of time, in Lodi, California.

2.  As used in this Second Superseding Indictment, "violent jihad" refers to the use of violence, including paramilitary action, against persons, property or governments deemed to be enemies of a fundamentalist version of Islam. "Jihadist training" is paramilitary training received by individuals in preparation to wage violent jihad.

3.  As set forth more fully below, commencing in or about March, 2003, in the Counties of San Joaquin and Sacramento, State and Eastern District of California, and elsewhere, and continuing through on or about June 4, 2005, defendant Hamid Hayat provided material support and resources, to wit, personnel in the form of his person; attempted to conceal and disguise the nature of such material support and resources; and concealed and disguised the nature of such material support and resources; knowing and intending that the material support and resources were to be used in preparation for, and in carrying out, a violation of Title 18, United States Code, Section 2332b (Acts of Terrorism Transcending National Boundaries).

A.  <u>Defendant Hamid Hayat's Jihadist Training</u>

4.  Commencing in or about March, 2003, defendant Hamid Hayat indicated to a cooperating witness that he intended to travel to Pakistan.

5.  On or about April 19 to April 21, 2003, defendant Hamid Hayat traveled from the United States to Pakistan via a commercial

2

1  airline, a facility of interstate and international commerce.

2      6.   At some point, no earlier than approximately October,
3  2003, defendant Hamid Hayat provided himself as a recruit to receive
4  jihadist training at a training camp in Pakistan.

5      7.   During a period of months sometime between in or about
6  October, 2003 and in or about November, 2004, in Pakistan, defendant
7  Hamid Hayat received jihadist training, including training in
8  physical fitness, firearms, and means to wage violent jihad.

9  B.   <u>Defendant Hamid Hayat's Intent to Wage Violent Jihad in the United States</u>

10

11      8.   On or about May 27, 2005, defendant Hamid Hayat departed
Pakistan for the United States via a commercial airline, a facility
12
of interstate and international commerce. At this time, defendant
13
Hamid Hayat intended to return to the United States and, upon
14
receipt of orders from other individuals, to wage violent jihad
15
against persons and real and personal property within the United
16
States.
17

18  C.   <u>Defendant Hamid Hayat's Concealment of His Jihadist Training and Plans to Wage Violent Jihad</u>

19      9.   On or about May 30, 2005, defendant Hamid Hayat's plane
20  was diverted to Narita, Japan. When questioned by an agent of the
21  Federal Bureau of Investigation ("FBI") on that day, defendant Hamid
22  Hayat concealed the fact that he had received jihadist training, and
23  that he was returning to the United States for the purpose of waging
24  violent jihad.

25      10.   On or about May 30, 2005, following FBI questioning,
26  defendant Hamid Hayat was permitted to depart Japan for the United
27  States. That same day, he returned to the United States via a
28  commercial airline, a facility of interstate and international

3

1  commerce.

2  11.  On or about June 3, 2005, when questioned by the FBI in
3  Lodi, California, defendant Hamid Hayat falsely stated that he had
4  never attended a jihadist camp, concealing the fact that he had
5  attended a camp in Pakistan where he received jihadist training.

6  12.  On or about June 4, 2005, when questioned by the FBI in
7  Sacramento, California, defendant Hamid Hayat falsely stated that he
8  had never received weapons or other types of jihadist training,
9  concealing the fact that he had attended a camp in Pakistan where he
10 received jihadist training, including weapons training.

11 All in violation of Title 18, United States Code, Sections
12 2339A and 3238.

13 COUNT TWO:   [18 U.S.C. § 1001 - Making a False Statement]
14 The Grand Jury further charges:
15 HAMID HAYAT,
16 defendant herein, as follows:

17 On or about June 3, 2005, in the County of San Joaquin, State
18 and Eastern District of California, in a matter within the
19 jurisdiction of the Federal Bureau of Investigation, an agency of
20 the United States, involving international and domestic terrorism,
21 defendant Hamid Hayat did knowingly and willfully make a false,
22 fictitious, and fraudulent statement of material fact to a federal
23 agent, to wit: that he had never attended a jihadist camp, when, in
24 truth and in fact as he then well knew, he had attended one or more
25 such camps in Pakistan, all in violation of Title 18, United States
26 Code, Section 1001(a)(2).
27 //
28 //

4

1  COUNT THREE:    [18 U.S.C. § 1001 - Making a False Statement]
2            The Grand Jury further charges:
3                         HAMID HAYAT,
4  defendant herein, as follows:
5       On or about June 4, 2005, in the County of Sacramento, State
6  and Eastern District of California, in a matter within the
7  jurisdiction of the Federal Bureau of Investigation, an agency of
8  the United States, involving international and domestic terrorism,
9  defendant Hamid Hayat did knowingly and willfully make a false,
10 fictitious, and fraudulent statement of material fact to a federal
11 agent, to wit: that he had never received weapons or other types of
12 jihadist training, when, in truth and in fact, as he then well knew,
13 he had received jihadist training, including weapons training, all
14 in violation of Title 18, United States Code, Section 1001(a)(2).
15 COUNT FOUR:    [18 U.S.C. § 1001 - Making a False Statement]
16           The Grand Jury further charges:
17                        HAMID HAYAT,
18 defendant herein, as follows:
19      On or about June 4, 2005, in the County of Sacramento, State
20 and Eastern District of California, in a matter within the
21 jurisdiction of the Federal Bureau of Investigation, an agency of
22 the United States, involving international and domestic terrorism,
23 defendant Hamid Hayat did knowingly and willfully make a false,
24 fictitious, and fraudulent statement of material fact to a federal
25 agent, to wit: that he had never received training to fight against
26 the United States, when, in truth and in fact, as he then well knew,
27 he had received training in Pakistan to wage violent jihad against
28 the United States, all in violation of Title 18, United States Code,

1  Section 1001(a)(2).

2  <u>COUNT FIVE</u>:    [18 U.S.C. § 1001 - Making a False Statement]

3            The Grand Jury further charges:

4                     UMER HAYAT,

5  defendant herein, as follows:

6      On or about June 4, 2005, in the County of Sacramento, State
7  and Eastern District of California, in a matter within the
8  jurisdiction of the Federal Bureau of Investigation, an agency of
9  the United States, involving international and domestic terrorism,
10 defendant Umer Hayat did knowingly and willfully make a false,
11 fictitious, and fraudulent statement of material fact to a federal
12 agent, to wit: that he had no first-hand knowledge of training camps
13 in Pakistan that would prepare persons to fight jihad, when, in
14 truth and in fact, as he then well knew, he had visited such
15 training camps in Pakistan, all in violation of Title 18, United
16 States Code, Section 1001(a)(2).

17 <u>COUNT SIX</u>:    [18 U.S.C. § 1001 - Making a False Statement]

18           The Grand Jury further charges:

19                    UMER HAYAT,

20 defendant herein, as follows:

21     On or about June 4, 2005, in the County of Sacramento, State
22 and Eastern District of California, in a matter within the
23 jurisdiction of the Federal Bureau of Investigation, an agency of
24 the United States, involving international and domestic terrorism,
25 defendant Umer Hayat did knowingly and willfully make a false,
26 fictitious, and fraudulent statement of material fact to a federal
27 agent, to wit: that he was not aware that his son, Hamid Hayat, had
28 attended jihadist training, when, in truth and in fact, as he then

1  well knew, he was aware that Hamid Hayat had attended such training
2  in Pakistan, all in violation of Title 18, United States Code,
3  Section 1001(a)(2).

A TRUE BILL.

/s/ Signature on file w/AUSA
_____
FOREPERSON

McGREGOR W. SCOTT
United States Attorney

7

PENALTY SLIP
(SECOND SUPERSEDING INDICTMENT)

**DEFENDANT:**   HAMID HAYAT            2:05-CR-0240 GEB

COUNT ONE:
VIOLATION:   18 U.S.C. § 2339A - Providing Material Support to Terrorists

PENALTY:   Not More Than 15 years imprisonment
Not More Than $250,000 fine, or both;
3-years supervised release.

COUNTS TWO THROUGH FOUR:
VIOLATION:   18 U.S.C. § 1001 - Making a False Statement

PENALTY:   Not More Than 8 years imprisonment
Not More Than $250,000 fine, or both;
3-years supervised release.

ASSESSMENT:   Mandatory $100 special assessment **each count**.


**DEFENDANT:**   **UMER HAYAT**

COUNTS FIVE AND SIX:
VIOLATION:   18 U.S.C. § 1001 - Making a False Statement

PENALTY:   Not More Than 8 years imprisonment
Not More Than $250,000 fine, or both;
3-years supervised release.

ASSESSMENT:   Mandatory $100 special assessment **each count**.