IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>HAMID HAYAT,<br><br>                    Defendant. | 2:05-cr-0240-GEB<br><br>ORDER |

At a hearing on March 28, 2006, Defendant argued a judgment of acquittal should be entered on Counts Two and Three because all three of the false statement counts in the Second Superceding Indictment are multiplicitous.[1]  I reserved ruling on the motion pursuant to Rule 29(b), which states in pertinent part that "[t]he court may reserve decision on the motion, proceed with the trial . . . , submit the case to the jury, and decide the motion . . . after

---

[1] The three false statement counts in the Second Superceding Indictment are:  Count Two, which charges Defendant with falsely stating that "he never attended a jihadist camp . . ."; Count Three, which charges Defendant with falsely stating that "he never received weapons or other types of jihadist training . . ."; and Count Four, which charges Defendant with falsely stating that "he never received training to fight against the United States . . . ."

1

[the jury] returns a verdict of guilty . . . ."[2]  Now that a jury verdict has been returned, I will address the motion.

At the hearing on March 28, 2006, Defendant argued the government repeatedly asked him identical questions, to which he gave identical responses.  Defendant contended the government separated his identical responses into three false statement counts in an effort to "pil[e] on convictions."  Defendant argued that since each false statement count involved his repeated denial that he never attended a jihadist training camp, the counts are multiplicitous.  Defendant concluded that he was therefore entitled to a judgment of acquittal on Counts Two and Three because both are "absorbed" within Count Four.

The government rejoined that the false statement counts are not multiplicitous because each count requires proof of a fact that the others do not.  The government indicated Count Two differs from Counts Three and Four because Count Two requires proof Defendant attended a "jihadist camp," whereas Counts Three and Four require proof Defendant received "jihadist training."  The government also indicated Count Four differs from Count Three because Count Four requires proof of the "purpose" of the training, whereas Count Three does not specify the "purpose" of the training.

The government also argued that even if each count does not require proof of a fact that the others do not, Defendant was not entitled to a judgment of acquittal because the later false statements

---

[2] An Advisory Committee note to Rule 29 explains the rationale of the reserved ruling provision as "permit[ting] the trial court to [strike a] balance [between] the defendant's interest in an immediate resolution of the motion against the interest of the government in proceeding to a verdict thereby preserving its right to appeal in the event a verdict of guilty is returned but is then set aside by the granting of a judgment of acquittal."

2

further impaired the duties, responsibilities, and operations of the government. The government asserted that if I concluded the statements were identical, the government should be allowed the opportunity to present evidence and argument that the later false statements further impaired government operations.

## DISCUSSION

"An indictment is multiplicitous and in violation of the Fifth Amendment's Double Jeopardy Clause if it charges a single offense in more than one count." United States v. Brandon, 17 F.3d 409, 422 (1st Cir. 1994) (citation omitted). "The longstanding test for multiplicity of charges was set down by the Supreme Court in Blockburger v. United States, 284 U.S. 299 (1932): '[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is that each provision requires proof of an additional fact which the other does not.'" United States v. Moriarty, 962 F. Supp. 217, 218 (D. Mass. 1997). The Ninth Circuit has applied the Blockburger test to determine whether false statement counts are multiplicitous, stating "[counts are] separate and distinct when conviction under one count 'requires proof of a fact which the other does not.'" United States v. Segall, 833 F.2d 144, 147 (9th Cir. 1987) (quoting Blockburger, 284 U.S. at 304).

However, the Blockburger test "is often easier to state than apply, a point . . . shown when a splintered majority of the Supreme Court could not agree on how the test should be effectuated." Moriarty, 962 F. Supp. at 218 (citing United States v. Dixon, 509 U.S. 688 (1993)); Segall, 833 F.2d at 147 ("the multiplicity doctrine

is often difficult to apply"). As the Ninth Circuit observed in Segall, "[t]here is no bright line . . . dividing charges comprising a single offense from those comprising separate and distinct offenses." Id. at 146.

Here, I find the line between the counts blurred. Nevertheless, as the Ninth Circuit stated in United States v. Stewart, "[t]he government may charge separate violations for identical false statements [if] . . . the later false statement further impaired the operations of the government." 420 F.3d 1007, 1013 (9th Cir. 2005). The "further impairment" determination is for the Court to make as a matter of law. See Salas-Camacho, 859 F.2d at 791 (upholding two false statement convictions for identical statements because the Ninth Circuit determined the later statement caused "additional impairment" to the government). Any argument and proceedings on further impairment shall commence tomorrow, May 5, 2006, at 10:30 a.m.

IT IS SO ORDERED.

Dated: May 4, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

4