DANIEL J. BRODERICK, Bar #89424
Acting Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Telephone:  (916) 498-5700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | No. CR S-05-240-GEB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | FEDERAL DEFENDER'S AMENDED |
| | ) | RESPONSE TO |
| | ) | COURT'S MAY 4, 2006 ORDER |
| HAMID HAYAT, | ) | RE QUALIFICATION OF COUNSEL; |
| | ) | PROPOSED ORDER |
| Defendant. | ) | |
| _____ | ) | |

   On May 4, 2006, this Court issued an order in this case directing the Federal Defender to evaluate and recommend whether Defendant Hamid Hayat qualifies for representation under the Criminal Justice Act (CJA), 18 U.S.C. §3006A, and whether it is appropriate for Mr. Hamid Hayat's privately-retained attorney Wazhma Mojaddidi to be appointed to represent Mr. Hamid Hayat under the CJA.  This order was received on May 8, 2006 An initial response was filed on May 15, 2006.  At a hearing before this Court on May 19, 2006, attorney Dennis P. Riordan appeared as associate counsel to the Law Office of Wazhma Mojaddidi, attorney for Hamid Hayat. This amended response addresses the addition of Mr. Riordan to this case.
/ /

I.  Qualification for CJA Representation

Mr. Hamid Hayat has completed and signed a financial affidavit (CJA Form #23) and the financial information clearly shows that he is financially eligible for CJA representation.  A copy of this affidavit has been lodged with the court.  Under the Criminal Justice Act Plan, adopted by the judges of the Eastern District of California on January 31, 1996, in General Order No. 323, if at any stage of the proceedings, the court finds that a person who previously did not have counsel appointed under the CJA is financially unable to pay counsel whom he had retained, the court may appoint counsel as the interests of justice may dictate.

Ms. Mojaddidi previously represented Mr. Hamid Hayat as a privately retained attorney.  Mr. Hamid Hayat's financial affidavit, however, shows that he is financially unable to pay retained counsel.  Therefore, the Federal Defender's office recommends that the court appoint counsel to represent Mr. Hamid Hayat under the CJA.

II.  Appropriateness of Appointing Ms. Mojaddidi in the Trial Court.

Appendix I to the CJA Plan for the Eastern District of California further provides that "[w]hen a judge finds special circumstances to exist, an attorney other than a CJA panel attorney may be appointed to represent a defendant on an *ad hoc* basis, provided the attorney has a level of experience and knowledge that otherwise would qualify the attorney for membership on the CJA panel."

Ms. Mojaddidi has provided the office of the Federal Defender with a copy of her resume and undersigned counsel has conferred with her about her experience and some additional matters in connection with the current case involving Mr. Hamid Hayat.  This is Ms. Mojaddidi's first and only federal criminal case.  Normally, this is not the level of experience

that would qualify an attorney for membership on a CJA panel.  However, for the past several years, the judges in the Eastern District have approved the use of a mentor CJA panel.  This panel permits an otherwise inexperienced attorney to accept a CJA appointment, as long as the work done under that appointment is under the tutelage of an experienced CJA panel attorney or Assistant Federal Defender.

Throughout this lengthy case, Ms. Mojaddidi has been mentored by former federal prosecutor Johnny L. Griffin, III.  Mr. Hamid Hayat's defense has also been assisted by the investigative work of James J. Wedick, an experienced retired FBI agent.  The undersigned has spoken with Ms. Mojaddidi and with attorney Dennis P. Riordan.  Mr. Riordan is an experienced attorney with three decades of experience.  He has filed several new trial motions in federal court, represented several defendants during the sentencing phase of their federal criminal cases, and acted as the lead attorney on over a hundred federal appeals.  He also works in a two-lawyer partnership with additional attorneys who provide assistance and support on appeals.  Mr. Riordan has agreed to provide, and Ms. Mojaddidi has agreed to accept, his guidance and assistance on a pro bono basis, with respect to the issues remaining in this case before this court, including the motion for new trial and, if necessary, sentencing.  In that regard, Mr. Riordan has filed a written appearance of counsel with this Court stating that he is now acting as associate counsel to the Law Office of Wazhma Mojaddidi. This association by Mr. Riordan will provide the same assistance and guidance as the CJA mentor panel.

In light of the association of Mr. Riordan in this case, and because of Ms. Mojaddidi's extensive and first hand knowledge of the factual, trial, and legal record in this case to date, it appears that special

circumstances exist in this case, such that an *ad hoc* CJA appointment of Ms. Mojaddidi would be appropriate in this case, at least insofar as that appointment concerns issues before this court.

   III.   <u>Appropriateness of Appointing Ms. Mojaddidi on Appeal</u>.

In the event the jury verdict in this case stands and Mr. Hamid Hayat is ultimately sentenced by this court, the undersigned's conversation with Mr. Mojaddidi indicates there is a strong likelihood that Mr. Hamid Hayat will appeal his case to the Ninth Circuit.  Ms. Mojaddidi's resume lists her appellate experience as limited to briefs in extradition law.  There is no mention of experience in either direct federal criminal appeals or in federal habeas corpus/§2255 matters. Unlike the felony mentoring CJA panel, there is no equivalent appellate mentoring panel in the Eastern District of California.

It does not appear, therefore, that Mr. Mojaddidi qualifies for CJA appointment for any appeal or habeas/§2255 writ or motion.  Thus, the undersigned recommends that, in the event this court decides to appoint Ms. Mojaddidi under the CJA, this appointment terminate once Mr. Hamid Hayat is sentenced.  The Criminal Justice Act permits the court to substitute one appointed counsel for another at any stage of the proceedings.  The undersigned has spoken with Mr. Riordan about Mr. Hamid Hayat's appeal and he has agreed to accept a CJA appointment from this Court to handle the appeal in this case.  Mr. Riordan has been appointed in numerous other CJA appeals to the Ninth Circuit. After sentencing, if Mr. Hamid Hayat expresses a desire to file an appeal, it is recommended that Mr. Riordan be appointed as his attorney and to file a notice of appeal on his behalf.

   <u>Conclusions</u>

   For the reasons stated above, the Federal Defender's office finds

that Mr. Hamid Hayat qualifies for appointment of counsel under the CJA. The Federal Defender's office further recommends that this court appoint attorney Wazhma Mojaddidi under the CJA to represent Mr. Hamid Hayat until such time, if any, as he is sentenced in this case. This appointment would terminate after sentencing.

Dated: May 19, 2006   Respectfully submitted,

/s/ Daniel J. Broderick
DANIEL J. BRODERICK
Acting Federal Defender

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. CR S-05-240-GEB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HAMID HAYAT, | ) | RE QUALIFICATION OF COUNSEL |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

After consideration of the Federal Defender's Amended Response to this Court's May 4, 2006, Order re Qualification of Counsel, filed on May 19, 2006, the Court finds that Mr. Hamid Hayat qualifies for appointment of counsel under the Criminal Justice Act. This Court further finds that although attorney Wazhma Mojaddidi is not currently a CJA panel attorney, Appendix I to the CJA Plan for the Eastern District of California permits this Court to appoint a non-CJA panel attorney on an ad hoc basis if special circumstances exist. After review of the Federal Defender's Amended Response and after consideration of the recommendation of the Federal Defender's office, the Court finds that special circumstances exist that permit Ms. Mojaddidi to be appointed.

IT IS HEREBY ORDERED that attorney Wazhma Mojaddidi is hereby appointed under the CJA to represent Mr. Hamid Hayat until such time, if

/ /

/ /

1

1  any, as he is sentenced in this case.  IT IS FURTHER ORDERED that this
2  appointment shall terminate after sentencing.
3  Dated:  May 22, 2006

                                    /s/ Garland E. Burrell, Jr.
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge