IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
UNITED STATES OF AMERICA,    )    2:05-cr-240-GEB
                             )
          Plaintiff,         )
                             )
     v.                      )    ORDER
                             )
HAMID HAYAT,                 )
                             )
          Defendant.         )
_____)
```

On July 27, 2007, the government filed a Request for Clarification of the May 17, 2007 Order denying Defendant's motion for a new trial. Specifically, the government seeks clarification of footnote 7 of the May 17 Order, which states: "[Federal Rule of Evidence] 606(b) prohibits the Court from probing into whether or not Cote, or any other juror, made a hangman gesture *during* deliberations." (Mot. at 1:22-2:1; see also May 17 Order at 12, n.7.) The government argues:

> Although it would be inconsistent with other parts of this Court's opinion, one might construe the footnote to mean that the Court believed it was prohibited, under all circumstances, from probing into the allegation

> that a gesture was made during deliberations, even if the allegation tended to prove potential deceit during voir dire. The much more likely and reasonable interpretation of the footnote is that the Court, having examined the allegation that a gesture was made during deliberations, concluded that there was insufficient evidence to support the allegation and/or the allegation did not tend to prove deceit during voir dire, and hence, further inquiry regarding the allegation was prohibited under Rule 606(b). Based on the Court's analysis and the record as a whole, the Government assumes that the Court intended the latter holding or one similar in substance. In light of the potential ambiguity of the footnote as currently written, however, the Government suggests that clarification would be prudent.

(Mot. at 3:19-4:12.) The government then requests that the Court "enter findings indicating that: (1) even if juror Cote or some other juror made a hangman's gesture during deliberations, such evidence would not tend to show deceit during voir dire and, hence, is barred under Fed. R. Evid. 606(b); (2) the defense has failed to prove by a preponderance of credible evidence that foreman Cote made a hangman's gesture during deliberations; and (3) given the record as a whole and Fed. R. Evid. 606(b), further judicial inquiry regarding this claim is unwarranted." (Id. at 7:26-8:5.)

However, the findings the government requests that the Court make are unnecessary. As the government acknowledges, footnote 7 should be read in the context of, and in a manner that is consistent with, the remainder of the May 17 Order. The May 17 Order acknowledges that "'[s]tatements which tend to show deceit during voir dire are not barred by [Rule 606(b)].'" (May 17 Order at 4:27-28.) In light of that statement, and the rest of the May 17 Order, it is clear that footnote 7 does not imply that Rule 606(b) prohibits the Court from probing into whether a juror made a hangman

1  gesture during deliberations under all circumstances, regardless of
2  whether such probing may reveal deceit during voir dire.  Therefore,
3  the government's request is denied.
4          IT IS SO ORDERED.
5  Dated:  September 6, 2007

                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge