1

2

3

4

5

6

7

8

9

10

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 11 UNITED STATES OF AMERICA, | No. 2:05-cr-0240-GEB-CMK |
| | 2:14-cv-1073-GEB-CMK |
| 12        Respondent, | |
| 13     vs. | ORDER |
| 14 HAMID HAYAT, | |
| 15        Movant. | |
| 16 _____/ | |

17        Movant, a federal prisoner currently proceeding with pro bono counsel, brings this

18 motion to vacate, set aside or correct a criminal judgment pursuant to 28 U.S.C. § 2255.  Pending

19 before the court is movant motion for appointment of pro bono counsel under 18 U.S.C. §

20 3006A.

21        There currently exists no absolute right to appointment of counsel in § 2255

22 proceedings.  See Irwin v. United States, 414 F.2d 606 (9th Cir. 1969).  The Sixth Amendment

23 right to counsel does not apply in habeas corpus actions.  See Knaubert v. Goldsmith, 791 F.2d

24 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986).  However, 18 U.S.C. § 3006A(a)(2)(B)

25 authorizes a district court to appoint counsel to represent a habeas petitioner when "the court

26 determines that the interests of justice so require . . . ."  See also 28 U.S.C. § 1915(a) and Rule

1   8(c), foll. 28 U.S.C. § 2254.  Appointment of counsel is required where an evidentiary hearing

2   must be held, but where one is not mandated the decision to appoint counsel is discretionary.

3   Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987).  The

4   court must appoint counsel where the complexities of the case are such that denial of counsel

5   would amount to a denial of due process.  Brown v. United States, 623 F.2d 54, 61 (9th

6   Cir.1980).

7              The court finds this action sufficiently complex and meritorious to warrant the

8   requested appointment of counsel. Counsel's request to have the appointment granted nunc pro

9   tunc as of June 20, 2013, does not conform to the court's preferred method of appointing

10  counsel.  While retroactive appointment is permissible, counsel waited for more than a year and a

11  half, and until after a significant amount of work was completed , before filing his request.

12  Appointment of counsel could have been sought much earlier, such as a contemporaneous

13  request with the § 2255 motion.  Counsel is advised that future requests should be sought at an

14  early stage of the proceedings, when possible.

15             Accordingly, IT IS HEREBY ORDERED that movant's request for appointment

16  of Dennis P. Riordan and the firm of Riordan and Horgan (Docs. 549, 560) is granted nunc pro

17  tunc to June 20, 2013.

18

19   DATED: March 19, 2015

20
                                        _____
21                                      **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26