1
2
3
4
5
6
7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   UNITED STATES OF AMERICA,          No. 2:05-cr-0240-GEB-CMK
                                            2:14-cv-1073-GEB-CMK
12              Respondent,

13        vs.                          FINDINGS AND RECOMMENDATION

14   HAMID HAYAT,

15              Movant.
     _____/
16

17          Movant, a federal prisoner proceeding with counsel, brings this motion to vacate,

18   set aside or correct a criminal judgment pursuant to 28 U.S.C. § 2255.  Pending before the court

19   is movant's motion for summary judgment (Doc. 548).  A hearing on the motion was held before

20   the undersigned on April 22, 2015.

21          **BACKGROUND**

22          Movant is challenging his 2006 conviction for violation of 18 U.S.C. § 2339A

23   (providing material support to terrorists) and 18 U.S.C. § 1001 (false statements).  Movant's

24   conviction was affirmed by a divided Ninth Circuit panel in 2013.  Movant filed the current

25   motion to vacate his conviction pursuant to 28 U.S.C. § 2255 in 2014.

26   / / /

                                            1

In his motion to vacate, movant alleges he was denied the effective assistance of counsel, the government failed to disclose exculpatory information, and the government suppressed exculpatory evidence.  As to his ineffective assistance of counsel claims, he raises several instances of ineffective assistance of counsel from an actual conflict of interest, which he alleges caused counsel to fail in procuring alibi witnesses and experts, to fail to obtain security clearance, and led to trial errors; as well as deficient performance during trial related to testimony.

The government filed an answer to the motion to vacate, and movant filed a reply thereto.  Movant then filed the pending motion for summary judgment as to his some of his ineffective assistance of counsel claims.

## MOTION FOR SUMMARY JUDGMENT

Rule 12 of the Rules Governing Section 2255 Proceedings provides that the Federal Rules of Civil Procedure may be applied to a § 2255 proceeding to the extent that they are not inconsistent with § 2255 or its rules. The Federal Rules of Civil Procedure provide for summary judgment or summary  adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Summary judgment is proper under Rule 56(c) if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "A moving party without the ultimate burden of persuasion at trial . . . has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment."  Nissan Fire &

1  Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).

2
3
4
5
6
7
8

> The burden of production imposed by Rule 56 requires the moving party to make a prima facie showing that it is entitled to summary judgment. The manner in which this showing can be made depends upon which party will bear the burden of persuasion on the challenged claim at trial. If the *moving* party will bear the burden of persuasion at trial, that party must support its own motion with credible evidence – using any of the materials specified in Rule 56(c) – that would entitled it to a directed verdict if not controverted at trial. Such an affirmative showing shifts the burden of production to the party opposing the motion and requires that party either to produce evidentiary materials that demonstrate the existence of a "genuine issue" for trial or to submit an affidavit requesting additional time for discovery.

9
10
11
12

> If the burden of persuasion at trial would be on the *non-moving* party, the party moving for summary judgment may satisfy Rule 56's burden of production in either of two ways. First, the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim. Second, the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. . . .

13  Celotex Corp, 477 U.S. at 331 (Brennan, J., dissenting) (citations omitted); E.E.O.C. v.

14  Califonria Micro Devices Corp., 869 F. Supp. 767, 770. "If a moving party fails to carry its

15  initial burden of production, the nonmoving party has no obligation to produce anything, even if

16  the nonmoving party would have the ultimate burden of persuasion at trial." Nissan Fire &

17  Marine Ins. Co., 210 F.3d at 1102-03. "For the purposes of [a motion for summary judgment],

18  the Court construes all the facts in light most favorable to the . . . non-moving party." E.E.O.C.,

19  869 F. Supp. at 770.

20  Here, movant brings this motion for summary judgment on ineffective assistance

21  of counsel claims. He contends that trial counsel was ineffective as she was operating under an

22  actual conflict of interest, that counsel was ineffective due to her failure to investigate an alibi

23  defense, for her lack of expert testimony, and her performance during trial. Respondent counters

24  that movant fails to meet his burden to show that trial counsel's performance was incompetent.

25  The Sixth Amendment guarantees the effective assistance of counsel. The United

26  States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in

1    Strickland v. Washington, 466 U.S. 668 (1984).  First, a petitioner must show that, considering

2    all the circumstances, counsel's performance fell below an objective standard of reasonableness.

3    See id. at 688.  To this end, petitioner must identify the acts or omissions that are alleged not to

4    have been the result of reasonable professional judgment.  See id. at 690.  The federal court must

5    then determine whether, in light of all the circumstances, the identified acts or omissions were

6    outside the wide range of professional competent assistance.  See id.  In making this

7    determination, however, there is a strong presumption "that counsel's conduct was within the

8    wide range of reasonable assistance, and that he exercised acceptable professional judgment in all

9    significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing

10   Strickland, 466 U.S. at 689).

11            Second, a petitioner must affirmatively prove prejudice.  See Strickland, 466 U.S.

12   at 693.  Prejudice is found where "there is a reasonable probability that, but for counsel's

13   unprofessional errors, the result of the proceeding would have been different." Id. at 694.  A

14   reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.;

15   see also Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000).  A reviewing court "need not

16   determine whether counsel's performance was deficient before examining the prejudice suffered

17   by the defendant as a result of the alleged deficiencies . . . If it is easier to dispose of an

18   ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be

19   followed." Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at

20   697).

21            Movant alleges several instances where counsel was deficient.  First, he argues that

22   counsel was acting under a conflict of interest relying on his codefendant's counsel.  Second, he

23   contends counsel was ineffective for failing to investigate and present an alibi defense.  Third, he

24   argues counsel made several mistakes regarding the alleged terrorist camp.  Finally, he alleges

25   counsel made several errors during the trial.

26   / / /

1        1.    <u>Conflict of Interest</u>

2        Movant contends that due to counsel's lack of knowledge and experience, she

3    relied on codefendant's counsel, essentially giving him control over movant's defense as well as

4    his father's.  He also contends that codefendant's counsel controlled the purse strings for the joint

5    defense of both defendants, which was a conflict with counsel's performance of an adequate

6    defense.  In support of this contention, he supplies codefendant counsel's retainer agreement and

7    trial counsel's deposition.

8        Contrary to movant's compelling arguments, the evidence provides no significant

9    support for his contentions.  There was no joint representation of the codefendant; each defendant

10   had separate representation.  Counsel in this case were independent of each other, not two

11   attorneys employed by the same firm.  Trial counsel specifically testified at her deposition that

12   money was never an issue for the defense she put on for movant.  She testified several times in

13   several different ways that while codefendant's counsel held the money available for paying

14   expenses, she was equally able to access it, never ran into the situation where she asked and was

15   told no, she could not use the defense money, and even if she had been told no, she would have

16   used the money she was paid in attorney fees for expenses if she felt the expense was worthy.  The

17   evidence movant provides in support of his motion for summary judgment on this issue is simply

18   insufficient to support his motion.

19       Similarly, to the extent movant argues trial counsel was inexperienced, and the

20   inexperience alone was enough to find her incompetent, case law does not support this position.

21   Inexperience alone is not sufficient to determine that counsel was ineffective, as every lawyer is

22   inexperienced at some point.  <u>See e.g.</u>, <u>United States v. Cronic</u>, 466 U.S. 648, 665 (1984).  The

23   focus is on the performance of counsel, not the experience she brings to the case.  Movant's

24   arguments that trial counsel was not qualified to serve as a CJA panel attorney are unpersuasive.

25   Trial counsel was not appointed to represent movant; she was retained by movant and his family

26   at the beginning of the case.  Retained attorneys are held to the same standard for providing

adequate representation to their clients.  See Cuyler v. Sullivan, 446 U.S. 335, 344 (1980).

However, it is notable, as to trial counsel's inexperience, that movant did not object to trial

counsel's representation. He did not request the court remove trial counsel as his representative or

appoint a different attorney.  While she may not have met the qualifications to serve on the CJA

panel, that alone does not serve as a basis to find her representation of movant was inadequate.

While movant falls just short of claiming that trial counsel's inexperience alone is

enough to find her incompetent, he does contend that her inexperience required her to rely

excessively on codefendant's counsel which he claims was a conflict of interest.  However, the

evidence before the court, specifically trial counsel's deposition testimony, counters movant's

arguments.  While movant argues that trial counsel relied on codefendant's counsel for crucial

decisions, including trial strategy and pretrial motions, trial counsel clearly testified at her

deposition that while she utilized codefendant's counsel and his experience, she did her own

research, independently reviewed possibilities, and made decisions on her own based on her own

judgement.  Most of the decisions made were in agreement, but trial counsel did disagree with

codefendant's counsel on several issues which they then discussed and she made her own

independent decision.  At no time did trial counsel simply blindly follow codefendant's counsel's

decisions.

"[U]ntil a defendant shows that his counsel actively represented conflicting

interests, he has not established the constitutional predicate for his claim of ineffective

assistance."  Cuyler, 446 U.S. at 350 (citing  Glasser v. United States, 315 U.S. 60, 72-75 (1942)).

"[T]he possibility of conflict is insufficient to impugn a criminal conviction.  In order to

demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual

conflict of interest adversely affected his lawyer's performance."  Id.  Based on trial counsel's

testimony at her deposition, the undersigned finds movant fails to provide sufficient support for

his contention on motion for summary judgment that there was an actual conflict of interest with

his trial counsel.

2.   <u>Alibi Defense</u>

Next, movant argues that counsel was ineffective for her failure to investigate and present an alibi defense.  In support of this contention, movant submits trial counsel's deposition, declarations from several potential witnesses, and purported expert declarations.

In general, the potential alibi witnesses declare they spent time with movant while he was in Pakistan, and that they were available to provide evidence in 2005.  All of the alibi declarants are either movant's family or his friends.  None appear to be simply village people who happened to notice movant on occasion, who were discovered after trial by an investigator.  Rather, they all appear to claim they spent a significant amount of time with movant during his time in Pakistan.  However, trial counsel testified at her deposition that movant did not provide the names of many of these individuals during the time she was representing movant.  With the exception of movant's uncles and a few other close family members, all of whom trial counsel contacted and spoke with, movant did not provide trial counsel with the information regarding these alleged alibi witnesses.

Movant argues trial counsel was ineffective for failing to investigate the possibility of an alibi defense, relying instead on codefendant counsel's preferred trial strategy of pressing the government into trial quickly due to the lack of evidence.  Trial counsel testified at her deposition that she considered an alibi defense, but after evaluating the potential witnesses movant had provided information on, she determined it was not a viable defense.  In addition to determining the potential alibi witnesses would not make good witnesses, she specifically testified to the lack of further possible witnesses.  She acknowledged, as movant argues in his motion, that she did not send an investigator to Pakistan to determine if there were other alibi witnesses to be found.  However, movant did not give her reason to believe such people could be found to cover his entire two-year stay in Pakistan.  She specifically testified at her deposition that one of the reasons she decided not to pursue an alibi defense was "because the argument could have been that just because he did those things [playing cricket, smoking cigarettes, playing video games, hanging

out at the store] does mean that he could not have attended a camp at some point when he wasn't doing those things." (Mojaddidi deposition, at 270:5-9).  None of these witnesses, at best could have provided a conclusive alibi, and certainly such testimony would have conflicted with movant's confession which would have to be first discounted.  See, United States v. Neal, 746 F.Supp. 780, 791 (N.D. Illinois 1990).

In addition, as stated above, the witnesses movant now brings before the court were all family and friends movant alleges he was with all the time.  If he was with these family and friends all the time, certainly he could have provided more information to his trial counsel as to the identity of these potential witnesses, which could have made the alibi defense more feasible for trial counsel to attempt.  Without the information, which clearly had to be known by movant at the time of his trial, trial counsel's decision to advance the trial and rely on the lack of evidence supporting the government's case does not appear to be such a deficient trial strategy as to render his trial counsel incompetent.  This was not a case, which movant appears to contend, where trial counsel completely fails to evaluate and investigate a potential alibi defense.  Rather, trial counsel specifically testified at her deposition that she considered such a defense, but did not find the potential witnesses would make compelling witnesses at trial, or that they would cover the entirety of movant's stay in Pakistan.  "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions.  Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant."  Strickland, 466 U.S. at 691.  Thus, there is insufficient evidence before the court to grant a motion for summary judgment on the basis that trial counsel's decision to rely on the government's lack of evidence rather that attempting an alibi defense was so deficient as to render her representation ineffective.

3.   Terrorist Camp

Next, movant argues counsel was ineffective for her failure to investigate the closing of the militant camps, her failure to challenge expert testimony, and her failure to

8

challenge the government's amendment as to the camp location.

In support of this claim, movant provides a declaration from a journalist who states he is familiar with Pakistani camps and knew there was no terrorist camp at the location the government claimed.  However, that movant now has evidence which may have supported a finding that no camp was in existence, does not necessarily render trial counsel's investigation and performance incompetent.  Trial counsel testified at her deposition that she attempted to obtain information regarding the alleged terrorist camp, including calling the Pakistan embassy.  She testified that she did not visit Pakistan and the location of the camp, but was able to locate an individual who was in Pakistan, had him drive out to the coordinates of the camp and testify at trial as to what was found.  In addition, she relied on the lack of evidence supporting the government's claim, including her cross-examination of the government's expert.

Movant argues that the evidence surrounding the existence of the camp was questionable at best.  While the evidence movant now presents may have been useful at trial, trial counsel used the government's witnesses testimony and cross-examination to explain to the jury how weak the evidence was.  While perhaps helpful, the use of an expert was not specifically necessary for the jury to understand that the government witnesses opinion that he was fifty to seventy percent sure that the areal photograph represented a training camp was not the strongest evidence.  Trial counsel's failure to produce such evidence at trial does not necessarily render her performance inadequate such that it provides a basis for granting summary judgment.

4.    Trial errors

Finally, movant argues trial counsel was ineffective due to her failure to have movant's statements suppressed, procure a false confession expert, obtain security clearance, and adequately cross-examine government witnesses.  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  Strickland, 466 U.S. at 691 (citing United States v. Morrison, 449 U.S. 361, 364–365 (1981)).  "It is not enough for the defendant to show that the errors had some

1  conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel

2  would meet that test, and not every error that conceivably could have influenced the outcome

3  undermines the reliability of the result of the proceeding." Id. at 693 (citing United States v.

4  Valenzuela–Bernal, 458 U.S. 858, 866–867 (1982)).

5          Movant's passionate, but rather conclusory, arguments as to any errors trial counsel

6  may have made fail to provide sufficient support for finding on summary judgment that trial

7  counsel's performance was insufficient.  While he emphatically argues that no reasonably

8  competent counsel would have made the decisions trial counsel made, he fails to allege much less

9  support his presumption that had trial counsel not made such errors, the result at trial would have

10  been different.  For instance, movant does not support any presumption that had trial counsel

11  made a motion to suppress movant's statements or to sever the trials of the codefendants, that

12  there were sufficient grounds that she absolutely would have been successful.  Similarly, as to a

13  false confession expert, trial counsel did have an expert available to testify as to movant's

14  confession.  However, the court excluded such testimony as unnecessary as the jury was able to

15  watch the taped interview, not because he failed to qualify as an expert witness.  As to trial

16  counsel's failure to obtain security clearance, movant again fails to support his contention that

17  failure to do so was ineffective.  Most importantly, movant relies on his argument that trial

18  counsel was operating under a conflict of interest, which the undersigned does not find

19  compelling as discussed above, and fails to provide the court with evidence as to how he was

20  prejudiced by such failure.  While it may have been prudent for trial counsel to obtain the security

21  clearance to participate in the *ex parte* hearings, movant fails to show what evidence she should

22  have introduced or presented to the jury that would have been allowed if she had in fact obtained

23  the security clearance.  To the extent movant argues there may have been exculpatory evidence

24  that should have been turned over, but was not, in violation of Brady v. Maryland, 373 U.S. 83

25  (1963), without showing there was in fact a Brady violation counsel should have discovered,

26  movant's contention that counsel was inadequate for her failure to find such evidence is

unsupported at this time.  Again, on the evidence before the court, movant has not met his burden to show ineffectiveness and/or prejudice by trial counsel's performance on summary judgment.

## CONCLUSION

Having adequate counsel does not necessarily guarantee an error free trial.  Even the most experienced and qualified counsel will make mistakes or decisions which turn out wrong.  "[C]ounsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case.  At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Strickland, 466 U.S. at 690.  In order to prevail on an ineffective assistance of counsel claim, movant had to show that trial counsel's performance was unreasonable under all the circumstances and that he was prejudiced by trial counsel's errors.  He fails to meet his burden in his motion for summary judgment.

Movant spends a lot of time arguing as to the lack of evidence provided by the government to contradict the evidence presented in his motion for summary judgment.  However, the moving party has not only the initial burden on summary judgment but also the ultimate burden of persuasion, the lack of evidence in opposition does not necessarily render the opposition lacking.  Movant has the ultimate burden to prove his case.  Based on the evidence currently before the court, the undersigned does not find sufficient support to grant the motion for summary judgment.

Ultimately, movant's ineffective assistance of counsel claims rest on the contention that trial counsel could have and should have done more.  While there is almost always more that could have been done, and hindsight often leads to other possible avenues that could have been taken, the question on review has to be whether the avenue taken and the effort put forth in movant's defense was so inadequate as to fall outside the wide range of competent assistance.

1  Based on the evidence currently before the court, the undersigned does not find sufficient support

2  for such a finding on a motion for summary judgment.

3

4         Accordingly, IT IS HEREBY RECOMMENDED that movant's motion for

5  summary judgment be denied and this case continue under the current motion to vacate.

6         These findings and recommendations are submitted to the United States District

7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

8  after being served with these findings and recommendations, any party may file written objections

9  with the court.  Responses to objections shall be filed within 14 days after service of objections.

10  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

11  Ylst, 951 F.2d 1153 (9th Cir. 1991).

12

13   DATED:  March 10, 2016

14

15  CRAIG M. KELLISON
    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26