UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:05-CR-0240 GEB DB |
|---|---|
| v. | ORDER |
| HAMID HAYAT, | |
| Defendant. | |

The court held a status conference on January 13, 2016 to address the request of defendant Hamid Hayat to hold an evidentiary concerning the motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (ECF No. 531). Two days before the status conference, defendant filed a "status conference memorandum and request for setting an evidentiary hearing." (ECF No. 603.) After the status conference, the court entered an order requiring the government to respond to defendant's filing and to explain the basis of the government's assertion at the hearing that it is entitled to file a supplemental, more expansive answer to defendant's 2255 petition. (ECF No. 605.) Defendant was ordered to reply to the government's response. (Id.) The government has now filed its response (ECF No. 606) and defendant has filed his reply memorandum (ECF No. 608).

Magistrate Judge Craig Kellison's June 6, 2014 order required the government to file an answer that complied with Rule 5 of the Federal Rules Governing Section 2255 Proceedings

1

1  within 60 days -- the court did not allude to a bifurcated answer process.  The government filed an
2  answer on August 5, 2014.  (ECF No. 539.)  The government's answer, however, merely admits
3  and denies the allegations of the petition in the manner of an answer in a non-habeas case under
4  Federal Rule of Civil Procedure 8.  This answer does not comply with Rule 5 of the Federal Rules
5  Governing Section 2255 Proceedings or Judge Kellison's June 6, 2014 order, as it does not
6  adequately frame the issues for the court.

7  The purpose of the answer is to frame the issues in dispute, as well as to ferret out
8  unmeritorious petitions.  <u>See</u> Advisory Committee Notes to Rule 5.  The answer should
9  "respond[] to the petition on the merits, laying out the [government's] alternative view of the
10 facts and the law."  <u>Williams v. Calderon</u>, 52 F.3d 1465, 1483 (9th Cir. 1995).  The government's
11 answer here does not fulfill this purpose and is inadequate for the court to determine (1) whether
12 an evidentiary hearing is necessary, and (2) which issues such a hearing would address.

13  From the time the answer was filed through the latest filings in this case, defendant has
14 not contested the inadequacy of the government's answer.  In fact, in the latest filing, defendant
15 explicitly argues that the government's original answer complies with Federal Rule of Civil
16 Procedure 8, which is all that is necessary for an answer in a 2255 case.  As noted above,
17 however, this neglects Judge Kellison's order and the Federal Rules Governing Section 2255
18 Proceedings.  While these rules do not require fact-by-fact responses like Federal Rule of Civil
19 Procedure 8, the answer must still respond to the merits of the petition, which the government's
20 answer in this case clearly does not.

21  So, while the government still has not provided a satisfactory response as to exactly why,
22 in the nearly three years since this case was filed, it never filed an appropriate answer that
23 complied with the Federal Rules Governing Section 2255 Proceedings, the court will nevertheless
24 grant the government's request to file a supplemental answer because it cannot adequately assess
25 the petition or determine if an evidentiary hearing is necessary without the filing of such an
26 answer.

27  However, given the lengthy delays already incurred in this case and the fact that the
28 government cannot explain why such an inadequate answer was filed in the first place (i.e., the

government never requested permission from the court to temporarily file a defective answer), the undersigned will provide the government with 21 days from the date of this order to file a suitable answer to the petition.  In the government's January 30, 2017 filing, it requested 60 days to file an answer; the deadline of 21 days from the date of this order is more than 60 days from when the government made its request.  The court will not grant any motion for extensions of time, unless defendant agrees to the extension or the government justifies the request with circumstances bordering on a genuine emergency.  Defendants may file an optional traverse within 21 days of the government's answer.

Accordingly, IT IS HEREBY ORDERED that:

(1)   The government shall file a substantive, supplemental answer to defendant's petition within 21 days of this order; and

(2)   Defendant may file an optional traverse within 21 days of the government's answer.  If defendant opts to not file a traverse, then it shall file a notice on CM/ECF stating so.

Dated:  March 13, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM - DLB:10
ORDERS / ORDERS.PRISONER.HABEAS / haya0240.sched.order

3