UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:05-CR-0240 GEB DB |
| v. | |
| HAMID HAYAT, | ORDER |
| Defendant. | |

The court entered on order on March 14, 2017 granting the government's request to file a supplemental, more expansive answer defendant's 2255 petition.  (ECF No. 609.)  Noting the lengthy delays already incurred in this case and the fact that the government could not sufficiently explain why an inadequate answer was filed in the first place, the court provided the government with 21 days to file the supplemental answer, rather than the 60 days requested by the government.  (Id.)  The undersigned also noted that the 21-day deadline was more than 60 days from when the government made its initial request.  (Id.)

On the same day that the court entered the order, the government moved for reconsideration.  (ECF No. 610.)  The government asserts that since the time it requested sixty days (on January 30, 2017) to file the supplemental answer, a potentially month-long trial has been scheduled for lead counsel in this case; a fact that was not presented to the court in the initial motion to file a supplemental answer.  (Id.)  The government's counsel states that the scheduled

1

trial addresses particularly complex issues and encompasses a significant amount of evidence, for which pretrial preparations are already underway.  (Id.)  Additionally, co-counsel for the government were not assigned to this case through the summary judgment stage or through subsequent briefing, and so their unfamiliarity with this matter requires participation by lead counsel.  (Id.)

Defendant's petition was filed on April 30, 2014.  (ECF No. 531.)  On June 6, 2014, Magistrate Judge Kellison ordered that the government file an answer that complies with Rule 5 of the Federal Rules Governing Section 2255 Proceedings within 60 days.  (ECF No. 534.)  The government filed an answer that did not comply with Rule 5 of the Federal Rules Governing Section 2255 Proceedings.  (ECF No. 539.)  The government did not request permission from the court to temporarily file a defective answer or to file a more substantive answer at a later date. While the government's counsel may be correct that the delays in adjudicating this habeas action to date arise primarily from defendant's strategy (i.e., pursuing summary judgment), this does not explain why the government is only now -- nearly three years after the petition was filed and four months after summary judgment was ruled upon -- drafting an adequate answer to the petition.

Nonetheless, the court acknowledges the hardship lead counsel faces in addressing defendant's lengthy petition while preparing for a complex trial, and so an extension of time will be granted.  However, due to the absence of an adequate explanation for why a noncomplying answer was filed in the first place (and was not corrected for nearly three years) and given the prejudice defendant faces concerning further delays, the government shall be granted 30 days from the date of this order to file an answer that complies with Rule 5 of the Federal Rules Governing Section 2255 Proceedings.

Accordingly, IT IS HEREBY ORDERED that:

(1)     The government's motion for reconsideration (ECF No. 610) is granted in part and denied in part;

(2)     The government shall file a substantive, supplemental answer to defendant's petition within 30 days of this order; and

////

   (3) Defendant may file an optional traverse within 21 days of the government's answer. If defendant opts to not file a traverse, then it shall file a notice on CM/ECF declaring that.

Dated:  March 15, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM - DLB:10
ORDERS / ORDERS.PRISONER.HABEAS / haya0240.mtr