UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>HAMID HAYAT,<br><br>Defendant. | No. 2:05-CR-0240 GEB DB<br><br>ORDER |

Petitioner, defendant Hamid Hayat, is a federal inmate pursuing habeas relief under 28 U.S.C. § 2255, asserting that he was denied effective assistance of counsel, that the government violated Brady[1], and that the government suppressed exculpatory evidence. (ECF No. 531.) After extensive -- and time-consuming -- efforts in discovery and pursuing summary judgment, the matter is now fully briefed and before the undersigned for a determination as to whether an evidentiary hearing is warranted. For the reasons outlined below, the undersigned orders that an evidentiary hearing is necessary on all of defendant's ineffective assistance of counsel claims and that the court will hold a status conference on June 23, 2017 at 10:00 AM to discuss the scheduling and logistics of the evidentiary hearing. The parties are ordered to confer before the status conference concerning the timeline, logistics, and prospective witnesses. Furthermore,

---
[1] Brady v. Maryland, 373 U.S. 83 (1963).

1

defense counsel shall be prepared to discuss the status of the Brady claims and any outstanding discovery requests related to those claims.

**I.      Background**

Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on April 30, 2014.  (ECF No. 531.)  Before the government filed an appropriate answer to the petition, defendant moved for summary judgment on November 13, 2014. (ECF No. 548.)  The magistrate judge previously assigned to this case issued findings and recommendations that the motion for summary judgment be denied on March 10, 2016. (ECF No. 588.)  The district court adopted the findings and recommendations in part and entered an order denying defendant's motion for summary judgment on November 10, 2016.  (ECF No. 600.)  On December 12, 2016, the undersigned ordered that a status conference be held for the purpose of discussing further proceedings in this case.

The court held a status conference on January 13, 2016.  Two days before the status conference, defendant filed a "status conference memorandum and request for setting an evidentiary hearing." (ECF No. 603.)  After the status conference, the court ordered further briefing from the parties concerning the need for an evidentiary hearing, as well as the status of the government's answer to the initial petition.  (ECF No. 605.)  Upon reviewing the full briefing, the court determined that the government's initial answer to the petition, filed on August 5, 2014, merely admitted or denied allegations of the petition in the manner of an answer in a non-habeas case under the Federal Rules of Civil Procedure.  The answer did not comply with Rule 5 of the Federal Rules Governing Section 2255 Proceedings or Judge Kellison's June 6, 2014 order requiring an answer, as it does not adequately frame the issues for the court.

Accordingly, the undersigned ordered the government to file an appropriate answer, to which defendant could file an optional traverse.  (ECF No. 609.)  On April 17, 2017, the government filed its supplemental answer.  (ECF No. 612.)  On May 8, 2017, defendant filed his traverse.  (ECF No. 615.)  The matter is now ripe for a determination as to whether the petition necessitates an evidentiary hearing.

////

**II.     Legal Standard**

In reviewing a motion brought pursuant to § 2255, a federal court shall hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). See also United States v. Zuno-Arce, 339 F.3d 886, 889 (9th Cir. 2003); United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (citing 28 U.S.C. § 2255(b)). Evidentiary hearings are particularly appropriate when "claims raise facts which occurred out of the courtroom and off the record." United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989); accord Frazer v. United States, 18 F.3d 778, 781 (9th Cir. 1994); Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990). When a § 2255 movant raises a claim of ineffective assistance of counsel, the court should hold an evidentiary hearing unless "something in the record conclusively shows that [movant's] trial attorney was not ineffective." Burrows, 872 F.2d at 917.

In deciding whether a § 2255 movant is entitled to an evidentiary hearing, the district court should determine whether, accepting the truth of movant's factual allegations, he could prevail on his claim. Blaylock, 20 F.3d at 1465. However, to be entitled to an evidentiary hearing the movant must provide specific factual allegations which, if true, state a claim on which relief under § 2255 could be granted. United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984). The court may deny a request for evidentiary hearing on a § 2255 motion "if the petitioner's allegations, viewed against the record, fail to state a claim or are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal citations omitted).

**III.    Legal Analysis**

    **A.     Necessity of Evidentiary Hearing**

        **1.      Ineffective Assistance of Counsel Claims**

When a § 2255 movant raises a claim of ineffective assistance of counsel, the court should hold an evidentiary hearing unless "something in the record conclusively shows that [movant's] trial attorney was not ineffective." Burrows, 872 F.2d at 917. The government argues, in

general, that the court can conclusively decide the ineffective assistance of counsel claims on the documentary record because defendant's trial counsel, Wazhma Mojaddidi, was deposed by the parties after the filing of the petition. (ECF No. 612 at 37.) However, Mojaddidi's deposition is not determinative concerning all of the facts underlying defendant's ineffective assistance allegations. Furthermore, contradictions of Mojaddidi's deposition testimony, from her own prior statements and the statements of other proposed witnesses, puts Mojaddidi's credibility at issue. Accordingly, the court believes an evidentiary hearing is necessary on the ineffective assistance claims for the following reasons.

Defendant's ineffective assistance of counsel claims are broken down into two distinct categories: (1) actual conflicts of interest and (2) constitutionally deficient performance. The undersigned will address the need for a hearing on these two distinct issues -- and their numerous subparts -- below.

### a. **Actual Conflicts of Interest**

Defendant argues that Mojaddidi suffered from a disqualifying conflict of interest under Cuyler v. Sullivan, 446 U.S. 335 (1980). Specifically, defendant alleges that the conflict arose from Mojaddidi's decision to subordinate her independent judgment on her client's behalf to that of counsel for co-defendant, Umer Hayat (defendant's father) -- i.e., to counsel with different legal and financial interests in the matter. (ECF No. 531-1 at 34-79.) Defendant claims that this conflict of interest led to nine specific adverse effects on his defense: (1) The failure to procure Pakistani alibi witnesses; (2) The failure to procure domestic alibi witnesses; (3) The failure to procure an expert concerning the Balakot training camp; (4) The failure to obtain Classified Information Procedures Act (CIPA) clearance; (5) The failure to move for severance from the trial of Umer Hayat; (6) The failure to move to suppress defendant's statements to law enforcement officers; (7) The failure to procure a false confession expert; (8) The failure to have defendant testify; and (9) The failure to request a bill of particulars or to object to the government's constructive amendment of the indictment. (Id.)

"In the absence of an 'actual' conflict which squarely places the interests of the client in opposition to those of the attorney, and is likely to compromise a reasonable attorney's ability to

4

comply with his legal and ethical obligation to represent his client with undivided loyalty, Cuyler standard cannot be met." Bonin v. Calderon, 59 F.3d 815, 827 (9th Cir. 1995). To be sure, the Supreme Court has recognized that the interests of two or more defendants can be served by their shared attorney's pursuit of a single defense strategy. Holloway v. Arkansas, 435 U.S. 475, 482-83 (1978) ("'A common defense often gives strength against a common attack'" (quoting Glasser v. United States, 315 U.S. 60, 92 (1942) (Frankfurter, J. dissenting))). But this is not always the case. The presentation of a united front may not be consistent with one defendant's interest if it requires the abandonment of a plausible defense that benefits him at the expense of his codefendant. See Cuyler, 446 U.S. at 350 (remanding for consideration of whether petitioner's counsel labored under conflict of interest when deciding against presenting defense in order to protect codefendants' interests); see also Glasser, 315 U.S. at 60, 72–73, 75–76 (1942) (finding defendant denied effective assistance when his attorney declined to cross-examine government witness for fear of prejudice to codefendant).

As a matter of law, defendant has presented sufficient allegations to support a claim for an actual conflict concerning the relationship between Mojaddidi and Umer Hayat's counsel, Johnny Griffin. When a § 2255 movant raises a claim of ineffective assistance of counsel, the court should hold an evidentiary hearing unless "something in the record conclusively shows that [movant's] trial attorney was not ineffective." Burrows, 872 F.2d at 917. The nature of the joint defense arrangement and the competing interests of the defendants raise substantial questions about Mojaddidi's effectiveness as counsel when combined with the abundant credible allegations of prejudice suffered by defendant.

Specifically, defendant has credibly alleged that Mojaddidi entered the case without any prior criminal defense experience and that she was guided through the case at various critical stages by Griffin who did not have an arrangement to represent defendant. Defendant further credibly alleges that Mojaddidi at various times subordinated her judgment to that of Griffin -- an attorney who represented the co-defendant whose interests potentially diverged significantly from defendant's. Defendant also alleges that the funds for this joint defense -- including money for investigations, attorney's fees, and litigation costs -- were paid for up front by Umer Hayat and

5

within the independent control of Griffin throughout the course of the case. This arrangement required Mojaddidi to request funds from Griffin to pursue her defense strategy.

As a result of this arrangement, defendant credibly alleges that his defense at trial was hindered in the pursuit of several strategies that could have cast reasonable doubt upon the government's case against him. Specifically, defendant alleges that an attorney without Mojaddidi's actual conflicts would not have pursued a joint strategy that was more beneficial to Umer Hayat than defendant himself. Thus, as a result of Griffin's guidance of Mojaddidi, Mojaddidi's subordination of her own judgment to that of Griffin, and Griffin's control of the joint defense funds, defendant alleges that numerous potentially fruitful defense strategies were not pursued, which significantly weakened defendant's case.

While Mojaddidi testified in a deposition that the defense was not restricted by conflict of interest and that she made strategic decisions independent of and regardless of Griffin's advice, this unilateral denial is insufficient to overcome the abundant questions raised by the joint-defense strategy, the fee arrangement, and the structure of the defense team. While some statements on the record from Mojaddidi's deposition testimony certainly weigh in favor of the government, these statements do not make defendant's conflict of interest claims "so palpably incredible or patently frivolous as to warrant summary dismissal." See McMullen, 98 F.3d at 1159.

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle an applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007). The large number of potential conflicts of interest -- including financial, professional, and personal conflicts -- could be proven through an evidentiary hearing, in which the court hears, firsthand, the detailed nature of the joint defense and how it operated in reality. Furthermore, the court will also be able to hear evidence concerning defense strategies that were not pursued and the reasons for not pursuing them, as well as expert testimony as to why a non-conflicted trial counsel would have pursued these strategies.

////

6

For these reasons, the court must grant defendant's request for an evidentiary hearing on the actual conflict claims.

### b. **Constitutionally Deficient Performance**

The standards governing claims of ineffective assistance based on incompetent performance are firmly established. To succeed, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) had counsel performed adequately, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 696 (1984). As with the actual conflict of interest claims, defendant presents sufficiently credible allegations to require an evidentiary hearing on Mojaddidi's purported constitutionally deficient performance as well.

Defendant re-alleges the same nine "trial counsel failures" as he presented concerning Mojaddidi's alleged conflicts of interest, and additionally alleges that: (10) Mojaddidi failed to challenge inadmissible expert testimony regarding the Balakot training camp; (11) Mojaddidi failed to challenge expert testimony concerning a written prayer in defendant's wallet; and (12) Mojaddidi failed to adequately cross examine the criminal informant. (ECF No. 531-1 at 81-111.) The record provides sufficient support for these claims to justify an evidentiary hearing, as none of these claims are "so palpably incredible or patently frivolous as to warrant summary dismissal." See McMullen, 98 F.3d at 1159.

Just as the first nine alleged errors present the plausibility of a conflict of interest, so do they raise serious questions concerning the competency of the defense. Defendant sufficiently alleges that these decisions fell below an objective reasonable standard and that the result would have been different if different strategies had been pursued. An evidentiary hearing would beneficially solidify the record concerning questions about the objective standard of reasonableness, as well as the potential effect that the pursuit of alternative strategies may have had on the defense.

For instance, defendant proposes to present expert testimony on ineffective assistance of counsel issues, which would be useful in establishing the relevant standard in the present context. Additionally, defendant proposes to present evidence of statements made by Mojaddidi prior to

her deposition, which allegedly contradict her testimony there, thus raising issues of credibility that the court must carefully consider. Furthermore, defendant proposes to present the court with alibi witness testimony that was not presented at trial (but, according to defendant, was available if the strategy was pursued by trial counsel), which would potentially show the effect of the purportedly deficient defense counsel performance.

Thus, for these reasons, the court must grant defendant's request for an evidentiary hearing on the ineffective assistance of counsel claims for constitutionally deficient performance.

### 2. *Brady* Claims

Defendant explicitly states in his traverse that he is not seeking an evidentiary concerning the Brady claims at this time. (ECF No. 615 at 38-39.) However, defendant asserts that further discovery must be authorized on this issue for the court to determine

Defendant does not present the court with a formal request to authorize new discovery in this case, nor does he cite to any legal authority to guide the court procedurally concerning this issue. Rule 6 of the Federal Rules Governing Section 2255 Proceedings states that a "judge may, for good cause, authorize a party to conduct discovery[.] . . . A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." While defendant's traverse asserts that the Brady claims require authorization of discovery, defendant has never filed a formal motion concerning this discovery, nor did defendant accompany this general statement with the specific documents outlined in Rule 6. It is not clear from the record how defendant intends to proceed with these claims, as the parties have already (seemingly) fully briefed this action with the petition, answer (plus supplemental answer), and traverse already on the record.

Accordingly, at the status conference on June 23, 2017, defendant's counsel shall be prepared to discuss the potential discovery issues relating to the Brady claims, including, but not limited to, whether defendant will be filing a formal request, and if so, why such a request was not filed before the briefing was complete and before the matter was before the court for a determination as to the necessity of an evidentiary hearing. Neither party formally requested that the court bifurcate this habeas proceeding, such that an evidentiary hearing and ruling would

8

proceed on the ineffective assistance of counsel claims before discovery is resolved concerning the Brady claims. In his January 11, 2017 status conference memorandum, defendant noted that he will "request discovery on the Brady issues that the government has refused to provide on previous occasions." (ECF No. 603 at 10.) Defense counsel shall also be prepared to provide an update on the status of these discovery requests and whether they necessitate the court delay holding an evidentiary hearing on this petition.

**IV.     Conclusion**

For the reasons outlined above, IT IS HEREBY ORDERED that:

(1)     An evidentiary hearing shall be held to address petitioner's ineffective assistance of counsel claims, arising from both "actual conflict" and constitutionally deficient performance;

(2)     A status conference shall be held on June 23, 2017 at 10:00 AM to discuss the logistics and timeline for the evidentiary hearing;

(3)     The parties shall confer before the status conference concerning the selection of an evidentiary hearing date (or dates), as well as on the subject of potential witnesses at the hearing;

(4)     Defense counsel shall be prepared to discuss the potential discovery issues relating to the Brady claims, including, but not limited to, whether defendant will be filing a formal request, and if so, why such a request was not filed before the briefing was complete and before the matter was before the court for a determination as to the necessity of an evidentiary hearing; and

(5)     Defense counsel shall also be prepared to provide an update on the status of any discovery requests and whether they necessitate court intervention.

Dated: June 6, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM - DLB:10
ORDERS / ORDERS.PRISONER.HABEAS / haya0240.evidhrg