UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>HAMID HAYAT,<br><br>Defendant. | No. 2:05-CR-0240 GEB DB<br><br>ORDER |

Petitioner, defendant Hamid Hayat, is a federal inmate pursuing habeas relief under 28 U.S.C. § 2255, asserting that he was denied effective assistance of counsel, that the government violated Brady[1], and that the government suppressed exculpatory evidence. (ECF No. 531.) On June 7, 2017, the court granted petitioner's request for an evidentiary hearing to address his ineffective assistance of counsel claims. (ECF No. 616.) The parties were ordered to confer concerning the selection of an evidentiary hearing date, as well as on the subject of potential witnesses at the hearing. A status conference was scheduled to discuss the logistics and timeline for the evidentiary hearing. Additionally, defense counsel was ordered to prepare to discuss potential discovery issues relating to the Brady claims, including whether petitioner was going to file a formal motion with the court to request discovery pursuant to Rule 6 of the Rules

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

Governing 2255 Proceedings.  Furthermore, defense counsel was ordered to address whether petitioner would seek to bifurcate the ineffective assistance of counsel claims from the Brady claims.

Petitioner filed a motion to authorize discovery pursuant to Rule 6 on the day before the status conference.  (ECF No. 619.)  In the motion, petitioner requests that the court authorize him to serve five interrogatories concerning the Brady claims on respondent.  (Id.)  The motion is scheduled to be heard on the court's July 28, 2017 law and motion calendar.

The court held a status conference concerning the evidentiary hearing on June 30, 2017.  (ECF No. 620.)  At the status conference, the court and the parties discussed potential dates for the evidentiary hearing, the number of potential witnesses, the expected length of the evidentiary hearing, as well as issues stemming from petitioner's request for discovery without addressing the substance of that motion, which is not yet fully briefed.  (Id.)  At the conclusion of the status conference, the court took the evidentiary hearing issues under submission.

For the reasons set forth below, the court orders the following concerning the evidentiary hearing, as well as concerning the briefing of petitioner's motion for discovery.

**I.      Evidentiary Hearing**

Beginning on October 23, 2017 at 9:30 AM in Courtroom No. 27, an evidentiary hearing will be held on petitioner's ineffective assistance of counsel and Brady claims.  At the status conference, the parties agreed that they would need at least two weeks to present their cases on the record.  Accordingly, the court has set aside the following dates for the evidentiary hearing: October 23 through 25, 2017; October 30 through November 2, 2017; and November 6 through November 9, 2017.  If the parties anticipate the need for interpreters or other special accommodations, they must notice the court's staff interpreter in a timely manner to secure the services of qualified interpreters before the scheduled hearing dates.

The parties shall each file a brief by September 18, 2017, describing the witnesses who will be called at the evidentiary hearing and the evidence those witnesses intend to present.

At the status conference, respondent's counsel indicated potential objections to at least some of the witnesses that petitioner intends to call.  In anticipation of these and other potential

objections, the undersigned orders that all motions objecting to witnesses or motions concerning the evidentiary hearing shall be filed by October 2, 2017.  Responses to pre-hearing motions shall be filed by October 10, 2017, and reply briefs shall be filed by October 17, 2017.  The court will hear all motions on the record before the start of the evidentiary hearing on October 23, 2017 at 9:30 AM.

### A. **Testimony from Petitioner's Counsel**

At the status conference, petitioner's counsel, Dennis Riordan, informed the court that he is currently dealing with a serious medical issue, which may impact his availability for the evidentiary hearing.  (ECF No. 620.)  As Mr. Riordan is listed in the petition and the traverse as a potential witness for petitioner, his medical condition may impact petitioner's ability to put on evidence in support of his petition.  In light of this, if petitioner wishes to make special arrangements to take Mr. Riordan's testimony before the scheduled evidentiary hearing date, then counsel for petitioner may confer with respondent's counsel and then file a motion or stipulation requesting the court's permission to do so.  If respondent objects to Mr. Riordan being called as a witness, or if respondent has objections to specific subjects in Mr. Riordan's proposed testimony, then respondent may, either, include these objections in an opposition to petitioner's motion to take Mr. Riordan's testimony, or, in a separately-filed motion that shall be filed within two weeks of any motion or stipulation to take Mr. Riordan's testimony prior to the evidentiary hearing.

### II. **Petitioner's Motion for Discovery**

At the June 30, 2017 status conference, the court and the parties discussed some of the implications of petitioner's motion for discovery (ECF No. 619).  During this discussion, respondent's counsel previewed the response to the motion, raising concerns that the Classified Information Procedures Act (CIPA) does not contemplate a procedure for the issuance of security clearances in a civil action.  (ECF No. 620.)  So, while a federal habeas action stems from a criminal case, it is a civil matter, which, according to respondent's counsel, disqualifies petitioner's counsel from receiving security clearances under CIPA.  (Id.)  Thus, from respondent's perspective, petitioner's proposed discovery requests may be rendered futile if the information sought is classified.  (Id.)

As stated on the record at the hearing, respondent's opposition to the motion for discovery shall address, in detail, the CIPA issues and their impact upon the proposed discovery requests in petitioner's motion. However, for the reasons stated on the record at the June 30, 2017 status conference, respondent's oral request for an extension of time to respond to the motion for discovery is denied. (Id.) Thus, respondent shall file any opposition by July 13, 2017. Petitioner may file a reply by July 20, 2017. The court will address this matter on the July 28, 2017 law and motion calendar.

### III. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

(1) On October 23, 2017 at 9:30 AM in Courtroom No. 27, an evidentiary hearing will be held on petitioner's ineffective assistance of counsel claims and Brady claims;

(2) The court has set aside the following dates for the evidentiary hearing: October 23 through 25, 2017; October 30 through November 2, 2017; and November 6 through November 9, 2017;

(3) All motions objecting to witnesses or motions concerning the evidentiary hearing shall be filed by October 2, 2017;

(4) Responses to pre-hearing motions shall be filed by October 10, 2017, and reply briefs shall be filed by October 17, 2017;

(5) The court will hear all motions on the record before the start of the evidentiary hearing on October 23, 2017 at 9:30 AM;

(6) If petitioner wishes to make special arrangements to take Mr. Riordan's testimony before the scheduled evidentiary hearing date, then counsel for petitioner may confer with respondent's counsel and then file a motion or stipulation requesting the court's permission to do so;

(7) Respondent's request for extension of time to respond to petitioner's motion for discovery is denied; and

////

////

4

(8) Respondent's opposition to the motion for discovery shall address, in detail, the CIPA issues and their impact upon the proposed discovery requests in petitioner's motion.

Dated: July 4, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM - DLB:10
ORDERS / ORDERS.PRISONER.HABEAS / haya0240.evid.hrg.stat.conf

5