1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,              No.  2:05-CR-0240 GEB DB

12                     Respondent,

13         v.

14    HAMID HAYAT,                            ORDER

15                     Petitioner.

16

17         Petitioner, defendant Hamid Hayat, is a federal inmate pursuing relief under 28 U.S.C. §

18    2255, asserting that he was denied effective assistance of counsel and that the government

19    violated Brady.[1]  (ECF No. 531.)  On March 19, 2015, the court granted petitioner's request for

20    appointment of Dennis P. Riordan and the firm of Riordan and Horgan as counsel pursuant to 18

21    U.S.C. §3006A.  (ECF No. 566.)  On June 7, 2017, the court granted petitioner's motion for an

22    evidentiary hearing.  (ECF No. 616.)  After a status conference to address the logistics of the

23    evidentiary hearing, the court set aside nearly three weeks on its calendar for the evidentiary

24    hearing.  (ECF No. 621.)

25         Pending before the court is petitioner's motion for the appointment of Martha Boersch as

26    co-counsel for petitioner under 18 U.S.C. §3006A.  (ECF No. 627.)  For the reasons set forth

27    _____

      [1] Brady v. Maryland, 373 U.S. 83 (1963) (prosecution must turn over all potentially exculpatory
28    evidence to the defense).

                                              1

below, the court grants petitioner's motion and appoints attorney Boersch to represent petitioner along with attorney Riordan and the firm of Riordan and Horgan.

There currently exists no absolute right to appointment of counsel in § 2255 proceedings. See Irwin v. United States, 414 F.2d 606 (9th Cir. 1969). The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner when "the court determines that the interests of justice so require[.]" See also 28 U.S.C. § 1915(a) and Rule 8(c) of the Rules Governing Section 2255 Proceedings. Appointment of counsel is required where an evidentiary hearing must be held, but where one is not mandated the decision to appoint counsel is discretionary. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987). The court must appoint counsel where the complexities of the case are such that denial of counsel would amount to a denial of due process. Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980).

As noted above, petitioner is already represented by attorney Riordan, as well as Dennis Horgan of the firm Riordan and Horgan. Given the complicated nature of this case -- as evidence by the forthcoming evidentiary hearing scheduled to take place over a three week timeframe -- and the fact that attorney Riordan will potentially serve as a witness during this hearing, the court finds this action sufficiently complex and meritorious to warrant the requested appointment of counsel.

Furthermore, the court notes that attorney Boersch is not currently a member of the Criminal Justice Act (CJA) Panel in the Eastern District of California. Accordingly, attorney Boersch is appointed pursuant to Section X(C) of the Criminal Justice Act Plan that was adopted by the judges of the Eastern District of California and approved by the Judicial Council of the Ninth Circuit on July 27, 2017. See In re Adoption of Criminal Justice Act Plan, General Order No. 582 (E.D. Cal. Aug. 1, 2017). When a judge of this District finds special circumstances to exist, an attorney not on this District's CJA Panel may be appointed to represent a defendant on an ad hoc basis, provided the attorney has the experience level and knowledge that otherwise

1  would qualify the attorney for CJA Panel membership.  Id.  An attorney appointed under this

2  provision is expected to adhere to the same rules and procedures as a CJA Panel attorney. An

3  attorney appointed under this provision will be compensated at the same rate and subject to the

4  same rules as a CJA Panel attorney.  Id.

5      Attorney Boersch has been representing petitioner in this matter since early 2015.  As

6  noted in attorney Boersch's declaration accompanying the motion, she served twelve years as an

7  Assistant United States Attorney, including several years as Chief of the Organized Crime Strike

8  Force.  (ECF No. 627 at 7.)  Additionally, she is a member of the CJA panel in the Northern

9  District of California.  Given her extensive experience and familiarity with this case, the court

10  concludes it is appropriate to appoint attorney Boersch as petitioner's counsel, despite not being

11  on the CJA Panel for this District.  Attorney Boersch is hereby appointed to the CJA Panel of the

12  Eastern District of California on a pro hac vice basis.

13      Accordingly, IT IS HEREBY ORDERED that petitioner's request for appointment of

14  Martha Boersch (ECF No. 627) is granted.

15  Dated:  August 15, 2017

16

17

18  DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

19

20  TIM - DLB:10
    ORDERS / ORDERS.PRISONER.HABEAS / haya0240.cja

21

22

23

24

25

26

27

28

3