UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>HAMID HAYAT,<br><br>    Petitioner/Defendant. | No. 2:05-CR-240-GEB-DLB<br><br>**ORDER GRANTING MOTION FOR STAY OF THE MAGISTRATE JUDGE'S OCTOBER 10, 2017 DISCOVERY ORDER** |

       The United States of America (the "Government") moves for an order staying the Magistrate Judge's discovery order filed on October 10, 2017, ECF No. 649, arguing: "[w]ithout a stay, the government and the petitioner will be required to take actions without the ability to appeal the [Magistrate Judge]'s [discovery] order . . . ." Mot. for Stay 2:2-3, ECF No. 661. Further, the Government argues in the alternative, "[s]hould the [District] Court ultimately decide that the government must comply with the Magistrate Judge's discovery order, the government requests a seven week continuance of the time to respond to the [Magistrate Judge's discovery] order, at which time, the government would provide the Court with a status report on the search for and review of [the requested] classified information at each agency." Mot. for Stay 12:3-6.

       Petitioner/Defendant Hamid Hayat ("Petitioner" or "Hayat"), a federal inmate seeking relief in this action under 28

1

U.S.C § 2255, responds to the Government's stay motion arguing:

> [T]he government clearly seeks a stay from the Magistrate Judge of her [discovery] order of October 10th so that it may have fourteen days within which to appeal that order to the district court under Fed. R. Civ. P. 72(b)(2) and Local Rule 303(b). Defendant Hayat does not object to the government's request to permit it fourteen days — i.e., until October 24th — to respond to the October 10th order.

Reply 2:8-12, ECF No. 662. Petitioner's response does not discuss the stay factors that the Government addresses in its stay motion.

The Government argues in its stay motion:

> Under Federal Rule of Civil Procedure 62(c), the court may stay an order pending an appeal of an interlocutory order. Whether to grant the stay depends on the balancing of several factors: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injur[e] the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

Mot. for Stay 2:9-14.

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that [judicial] discretion." Nken v. Holder, 556 U.S. 418, 433-434 (2009) (citing Clinton v. Jones, 520 U.S. 681, 708 (1997); Landis v. N.Am. Co., 299 U.S. 248, 255 (1936)). "A stay is not a matter of right . . . . It is instead 'an exercise of judicial discretion' . . . [that] 'is dependent upon the circumstances of the particular case.'" Lair v. Bullock, 697 F.3d 1200, 1203 (9th Cir. 2012) (alterations in original) (citations omitted) (quoting Nken, 556 U.S. at 433).

The Government argues as follows under the first Hilton factor that it is likely to succeed on the merits:

> The Supreme Court has not specified "the exact degree of likely success that stay petitioners must show," and "courts routinely use different formulations to describe this [factor]." Leiva-Perez v. Holder, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam). The Ninth Circuit has "concluded that many of these formulations, including 'reasonable probability,' 'fair prospect,' 'substantial case on the merits,' and 'serious legal questions raised,' are largely interchangeable." (internal punctuation omitted) Id. at 967-68. "The standard does not require the petitioners to show that 'it is more likely than not that they will win on the merits.'" Lair v. Bullock, 697 F.3d 1200, 1204 (9th Cir. 2012) (quoting Leiva-Perez, 640 F.3d at 966).
>
> In this case, the government will appeal the [Magistrate Judge's] order based on the erroneous application of the standard for finding good cause for discovery, as well as the application of the law of the case doctrine when ordering discovery on Hayat's Brady claims. Perhaps most importantly, the government plans on appealing because the [Magistrate Judge's] order would mandate an unnecessary disclosure of classified material that would violate the government's legal obligation to safeguard classified material, and would seriously jeopardize the Executive Branch's national security functions.
>
> [First, t]he government will raise a substantial case and serious legal questions regarding whether inculpatory evidence combined with speculative assertions constitute specific good cause for discovery . . . . [O]ther than the mere allegation that the other images of a possible terrorist training camp, or data are exculpatory, Hayat has not presented any specific allegations that information falling under either prong of Brady was suppressed. (See Doc. 625 at 13:2-19; 13 n.5) . . . . [T]he existence of additional inculpatory information and no more than a bald assertion of the existence of exculpatory information are simply not enough to constitute good cause to order discovery, let alone discovery

3

of classified information. The government was not required to disclose to Hayat inculpatory information it did not intend to use . . . .

[Second, t]he government will show a reasonable probability that the [Magistrate Judge's] order reads the law of the case doctrine too narrowly . . . . The [Magistrate Judge], upon reconsideration, chose to narrow application of the law of the case doctrine to only those documents that were submitted to [the District] Judge . . . for [the District Judge's] review. (Doc. 649 at 16:3-15). The [Magistrate Judge] then, sua sponte, found that any material that was not submitted for [the District] Judge['s] . . . review is automatically Brady material and must be disclosed, including "the foundational documents for the four Balakot photographs." (Doc. 649 at 16:3-15). The [Magistrate Judge]'s order requires production of "the foundational documents" despite the fact that the parties never had a dispute about the foundation for the documents, and in fact the defendants conducted their own investigation and discovered that the images were, in fact, exactly what Mr. Benn testified they were. (Doc. 148 (Defendant's Joint Response); RT 3100:8-14; RT 3586:4-3591:11). In addition, the [Magistrate Judge] presumes, that the other images that may exist should be disclosed without any showing by Hayat that the other images are material or exculpatory. Applying a presumption that material is discoverable in a habeas case is clear error . . . .

[Third, t]he government will raise a serious legal question about the [Magistrate Judge]'s ability to compel production of non-exculpatory classified information without any showing that it is Brady material . . . . Under the governing executive order, federal agencies must "ensure that the number of persons granted access to classified information is limited to the minimum consistent with operational and security requirements and needs." Exec. Order 13292, 68 Fed. Reg. 15315, 15330 (Mar. 25, 2003) . . . . The [Magistrate Judge]'s intended remedy, and apparent intent to require disclosure of classified information directly to counsel[] would be an improper usurpation of the Executive Branch's

4

>                    powers . . . . Especially in a collateral
>                    attack on a conviction, based solely on a
>                    speculative claim, the [Magistrate Judge]'s
>                    order contemplating production of potentially
>                    large amounts of classified images and data
>                    to defense counsel would be unprecedented and
>                    against the weight of the law . . . . In this
>                    case, Hayat has not made a sufficient showing
>                    that there is actually material that
>                    satisfies both prongs of Brady that should be
>                    disclosed in discovery. (See Doc. 630 at 10-
>                    11; Doc. 649 16:7-15 (basing good cause
>                    solely on claims and speculation)). This is
>                    precisely the type of rummaging through
>                    classified information in search of
>                    unspecified material, without any showing of
>                    materiality or its exculpatory nature, that
>                    is prohibited in criminal discovery and
>                    especially in a collateral attack on a
>                    conviction . . . .

Mot. for Stay 3:23-4:15, 5:10-12, 5:15-18, 5:25-6:10, 7:12-17, 8:7-8, 9:1-11 (footnote omitted). The Government's arguments show the likelihood or "reasonable probability" of success on the merits of its challenges to the Magistrate Judge's discovery order at issue. Leiva-Perez v. Holder, 640 F.3d 962, 967 (9th Cir. 2011) (per curiam) (citations omitted).

The Government argues as follows under the second Hilton factor that it will be irreparably injured absent a stay:

>                    The unnecessary disclosure of classified
>                    information would irreparably injure the
>                    government . . . . [I]n civil cases, the
>                    government may withhold classified
>                    information from attorneys and litigants. Cf.
>                    Ellsberg v. Mitchell, 709 F.2d 51, 61 (D.C.
>                    Cir. 1983) ("[O]ur nation's security is too
>                    important to be entrusted to the good faith
>                    and circumspection of a litigant's lawyer
>                    (whose sense of obligation to his client is
>                    likely to strain his fidelity to his pledge
>                    of secrecy) or to the coercive power of a
>                    protective order."); see also Bismullah v.
>                    Gates, 501 F.3d 178, 198 (D.C. Cir. 2007)
>                    ("Without authorization from the Government,
>                    neither Petitioner nor Petitioner's counsel
>                    may have access to any classified information
>                    involved in this case.") . . . . Compelled or

> court ordered disclosure of classified information pursuant to discovery would irreparably injure the government's interests in protecting the national security equities that are the basis of the classification of the information. See GTE Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284, 289 (S.D. Cal. 2000) (discussing burden of disclosure of proprietary and sensitive information in unnecessary discovery); cf. Ellsberg, 709 F.2d at 61 (noting protective order and disclosure to litigant's counsel are insufficient protections); accord United States v. Mejia, 448 F.3d 436, 457-58 (D.C. Cir. 2006); United States v. Innamorati, 996 F.2d 456, 487-88 (1st Cir. 1993)(discussing circumstances where there would be significant harm to the government if disclosure of sensitive information were initially made to the defense) . . . .

Mot. for Stay 2:24, 3:2-17. The Government's arguments show irreparable harm to its national secrecy interests is "the more probable . . . outcome" if a stay is not granted and if it must disclose the classified information at issue. Leiva-Perez, 640 F.3d at 968 (citation omitted).

The Government argues as follows under the third Hilton factor that even though a stay would injure Petitioner, that injury is not substantial:

> The government concedes that issuance of the stay will "injure the other parties interested in the proceedings," in the sense that Hayat remains in custody while the parties litigate his habeas petition. Hilton, 481 U.S. at 776. That injury, however, is mitigated by the length of his sentence and the fact that his conviction and sentence have been affirmed on direct appeal. See Wolfe v. Clarke, 819 F.Supp.2d 574, 584 (E.D. Va. 2011) (finding continued incarceration while habeas petition is pending "not substantial"). In addition, Hayat is continuing to press his ineffectiveness claims while the parties litigate the discovery issues. Therefore, although this factor weighs against granting a stay, it may be mitigated, and is not substantial.

Mot. for Stay 9:16-23. The Government's arguments show Petitioner's injury of remaining in custody if the stay is granted will not be substantial.

Finally, the Government argues as follows under the fourth Hilton factor that public interest favors a stay:

> "The government has a substantial interest in protecting sensitive sources and methods of gathering information." United States v. Smith, 780 F.2d at 1108; cf. CIA v. Sims, 471 U.S. 159, 175, (1985) ("The government has a compelling interest in protecting both the secrecy of information to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service.") (internal quotation marks omitted); Haig v. Agee, 453 U.S. 280, 307, (1981) (noting that "no governmental interest is more compelling than the security of the Nation"). Just because outside cleared counsel are available does not diminish the public interest in preserving state secrets and classified information. See United States v. El-Mezain, 664 F.3d 467, 568 (5th Cir. 2011) ("We are unpersuaded by the defendants' argument that the Government's interest is diminished because defense counsel possess[es] security clearance to review classified material"). This includes a public interest in withholding disclosure of classified information. See, e.g., 10 U.S.C. § 130(a) (allowing withholding of disclosure of technical data with military or space application). The government's interest in protecting national security information is reflected in mandate of Executive Order 13526, establishing that classified information is only made available to individuals eligible to review such information after there is a determination that such individuals have a need to know that information. The "need to know" component of this analysis is undertaken not by a court but by the Executive Branch agency whose information is at stake. Furthermore, given the government's arguments regarding application of law of the case, "avoiding the possibility of inconsistent rulings is also of great importance." City of Oakland v. Holder, 961 F.Supp.2d 1005, 1015 (N.D. Cal.

|     |                                                                                           |
| --- | ----------------------------------------------------------------------------------------- |
| 1   | 2013).                                                                                    |
| 2   | Mot. for Stay 9:25-10:19. The Government's arguments show the                             |
| 3   | public's interest in protecting classified information favors                             |
| 4   | granting its stay request.                                                                |
| 5   | In light of the likely relief that will be granted from                                   |
| 6   | the discovery order, the probability of irreparable harm to the                           |
| 7   | Government's national security interests from disclosure of                               |
| 8   | classified information, and the important public interest in                              |
| 9   | ensuring the secrecy of such information, issuance of a stay is                           |
| 10  | appropriate. Therefore, the Government's Motion for Stay of the                           |
| 11  | Magistrate Judge's October 10, 2017 Discovery Order is granted                            |
| 12  | pending the undersigned judge's ruling on the Government's Motion                         |
| 13  | for Reconsideration.                                                                      |
| 14  | Dated: November 1, 2017                                                                   |

_[Signature]_
GARLAND E. BURRELL, JR.
Senior United States District Judge