UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent<br><br>v.<br><br>HAMID HAYAT,<br><br>Defendant/Petitioner. | No. 2:05-cr-0240 GEB DB<br><br><br><br>ORDER |

Petitioner's Motion for an Order Authorizing Rule 15 Depositions came on for hearing December 14, 2017. Dennis Riordan, Donald Horgan, Martha Boersch, and Sean Riordan appeared for petitioner. Andre Espinoza, Roger Yang, and Jennifer Levy appeared for respondent. After considering the parties' briefs, the record in this case, and the argument of counsel, and good cause appearing, the court finds petitioner has established a need for Rule 15 depositions and will order they be taken by video-conferencing.

**RELEVANT BACKGROUND**

Petitioner filed his § 2255 motion in April 2014. (ECF No. 531.) On November 13, 2014, petitioner moved for summary judgment on some of his ineffective assistance of counsel claims. (ECF No. 548.) During the pendency of that motion, on July 28, 2015, petitioner moved for an order, under Federal Rule of Criminal Procedure 15, authorizing the taking of foreign depositions of all the Pakistani residents who had submitted declarations in support of the § 2255 motion.

1

(ECF No. 573.) Judge Kellison denied the motion, without prejudice, as premature, based on the pendency of the summary judgment proceedings. (ECF No. 584 at 2.) On March 10, 2016, Judge Kellison recommended denial of summary judgment. (ECF No. 588.) On November 10, 2016, Judge Burrell adopted in part Judge Kellison's findings and denied summary judgment. (ECF No. 600.)

On January 11, 2017, petitioner moved for an evidentiary hearing. (ECF No. 603.) On June 7, the court granted that motion. (ECF No. 616.) On July 5, after a status conference, the court scheduled the evidentiary hearing for October 23. (ECF No. 621.) That evidentiary hearing was continued to begin on January 29, 2018. (ECF No. 664.)

On September 22, petitioner made a motion for an order facilitating the travel of two Pakistani alibi witnesses, Mohammed Anas and Rifaqat, for the evidentiary hearing. (ECF No. 639.) On October 2, the court granted petitioner's motion. (ECF No. 643.) The court found the testimony of the two witnesses "necessary" to petitioner's ineffective assistance of counsel claim and asked the United States to "take all reasonable measures to facilitate speedy issuance of visas to Mr. Anas and Mr. Rifaqat for their appearance at the evidentiary hearing."

On November 17, petitioner filed the present motion. (ECF No. 672.) The government filed an opposition (ECF No. 678) and petitioner filed a reply (ECF Nos. 679, 680).

**MOTION FOR TESTIMONY DEPOSITIONS**

Petitioner seeks to depose four alibi witnesses in Pakistan: Mr. Anas and Mr. Rifaqat, whose visa applications were declined, and also Fahim Ud Din and his Tayabba Fahim. (ECF No. 672.) Petitioner states that he will also question Dr. Din and Ms. Fahim about the effects of petitioner's 2000 case of meningitis on his ability to voluntarily confess. The purpose of the depositions is to take testimony in lieu of in-court evidentiary hearing testimony. They are referred to herein as "testimony depositions."

The government opposes the motion on multiple grounds. (ECF No. 678.) In reply, petitioner proposes an alternative to alleviate the government's security concerns and many of its logistical concerns – taking the depositions by video conference. (See ECF No. 679.)

////

2

1 **I.       Legal Standards for Conducting Foreign Testimony Depositions**

Both parties rely on Federal Rule of Criminal Procedure 15 as the authority for permitting testimony depositions. Pursuant to Rule 12 of the Rules Governing § 2255 Proceedings, a court may apply the Rules of Criminal Procedure to the extent they are not inconsistent with the § 2255 statute or rules.[1]

The Rule 15 standard is succinct - testimony may be taken by deposition in "exceptional circumstances and in the interest of justice." Fed. R. Civ. P. 15(a)(1).

The Ninth Circuit has held that the following factors should be considered when a party seeks to take a Rule 15 deposition:  (1) the prospective unavailability of the witness at trial; (2) the good faith effort by the movant to obtain the witness's presence at trial; (3) a demonstration by the movant that the expected testimony would be favorable; and (4) whether the deponent would be available for deposition and willing to testify.  United States v. Zuno–Arce, 44 F.3d 1420, 1425 (9th Cir.1995), overruled on other grounds, Valerio v. Crawford, 306 F.3d 742 (9th Cir. 2002); see also United States v. Rodriguez-Sifuentes, 637 Fed. App'x 1016, 1017-18 (9th Cir. 2016) (court considers unavailability of the witness and the materiality of the witness's testimony to the defense); United States v. Trumpower, 546 F. Supp. 2d 849, 853 (E.D. Cal. 2008) (citing Zuno-Arce, 44 F.3d at 1425).

The Ninth Circuit has also considered whether conditions in the foreign venue made travel there unsafe for Americans. See United States v. Olafson, 213 F.3d 435, 442 (9th Cir. 2000); see also United States v. Ramos, 45 F.3d 1519, 1522-23 (11th Cir. 1995) (court considers whether "countervailing factors render taking the deposition unjust to the nonmoving party" (citing United States v. Drogoul, 1 F.3d 1546, 1554 (11th Cir. 1993).)

Finally, courts have considered the timeliness of the party's motion and whether the deposition procedures in the foreign country are "compatible with fundamental issues of

---

[1] In his opening brief, petitioner also cites to the standards for discovery, apparently as further authority for his motion. Those standards are not applicable. Petitioner is not seeking discovery. He is seeking to take deposition testimony to be used in lieu of in-court trial testimony. In fact, courts have held that Rule 15 depositions are not allowed for discovery purposes. See United States v. Fei Ye, 436 F.3d 1117, 1123 (9th Cir. 2006).

fairness." United States v. Moalin, No. 10CR4246-JM, 2012 WL 3637370, at *2 (S.D. Cal. Aug. 22, 2012).

In determining whether to order testimony depositions, courts weigh each of these factors. See, e.g., United States v. Torre-Sanchez, No. 12-CR-00833-LHK, 2014 WL 4370538, at *5 (N.D. Cal. Sept. 3, 2014) (the factors listed in Zuno-Arce are considerations, not requirements); Moalin, 2012 WL 3637370, at *2-6. The district court has "'broad discretion in granting a Rule 15(a) motion, and considers the particular circumstances of each case to determine whether the 'exceptional circumstances' requirement has been satisfied.'" United States v. Omene, 143 F.3d 1167, 1170 (9th Cir. 1998) (quoting United States v. Farfan–Carreon, 935 F.2d 678, 679 (5th Cir.1991)). Below, the court examines each relevant factor.

**A. Unavailability and Good Faith Effort to Obtain Witnesses' Presence**

**1. Legal Standards**

A proposed deponent is unavailable under Rule 15 where a "substantial likelihood exists that the proposed deponent will not testify at" the evidentiary hearing and the moving party has made good faith efforts to secure that person's attendance. Zuno–Arce, 44 F.3d at 1425; Drogoul, 1 F.3d at 1553. Courts have found a witness unavailable where he resides in a foreign country and is unwilling or unable to attend trial. See United States v. Medjuck, 156 F.3d 916, 920 (9th Cir. 1998); United States v. Jinian, No. CR-09-1103-JSW (EDL), 2010 WL 3910138, at *2 (N.D. Cal. Oct. 5, 2010). Most courts have required some evidentiary basis to establish either unwillingness or inability to attend trial. See Moalin, 2012 WL 3637370, at *2; Jinian, 2010 WL 3910138, at *1 (court denied defendant's first Rule 15 motion without prejudice because he failed to present any evidence that, among other things, the witnesses were unwilling to testify at trial).

In Moalin, the defendants sought to depose witnesses in Somalia. Defendants presented evidence that most Somalis have great difficulty obtaining visas to come to the United States. 2012 WL 3637370, at *2. The court found defendants had not sufficiently shown the witnesses' unavailability. The court relied on the fact the defendants failed to provide any evidence that these witnesses would be unable to obtain visas or that they had taken any measures to do so. Id. Further, the court stated that, "[a]t a minimum, a defendant must demonstrate 'good faith efforts'

to obtain the witness' presence at trial." Id. (citing Zuno-Arce, 44 F.3d at 1425). The court concluded, "[w]hile Defendants need not make a conclusive showing of unavailability, some showing is required." Id. The court held the "unavailability" factor did not weigh in favor of granting the motion. Id.

The Ninth Circuit has stressed that Rule 15 does not require a "conclusive showing of 'unavailability,'" Omene, 143 F.3d at 1170, and the deponents' unavailability is just one factor to consider, Moalin, 2012 WL 3637370, at *2.

### 2. Analysis

#### a. Unavailability of Anas and Rifaqat

Petitioner states in his opening brief that the United States Embassy "looked unfavorably on" the prior visa applications of Mr. Anas and Mr. Rifaqat. (ECF No. 672 at 6.) Petitioner provides a copy of the Embassy's letter to Mr. Rifaqat. (ECF No. 642-1.) Petitioner states that Mr. Anas received a "virtually identical" letter. The letter starts with the heading: "Failure to Establish Ties." It states that the applicant has "been found ineligible for a nonimmigrant visa under Section 214(b) of the U.S. Immigration and Nationality Act." It then explains that one of the requirements for a nonimmigrant visa is a showing of a residence in the foreign country and evidence that the applicant has no intention of abandoning his or her residence. Applicants can meet that requirement by showing "strong ties" in the foreign country. The letter explains that the applicant has "not demonstrated that you have the ties that will compel you to return to your home country after your travel to the United States." The letter concludes that the decision may not be appealed but that the applicant is free to "reapply at any time" and should be "prepared to provide information that was not presented in your original application." (Id.)

The letter from the Embassy makes clear that Anas and Rifaqat may re-apply for visas and petitioner makes no showing that they could not remedy the problems with their original applications. However, the court is reluctant to find the fact that obtaining visas may still be possible as weighing heavily against petitioner's motion. These witnesses should not be required to make repeated attempts to seek visas for petitioner's benefit. The fact that they have done so once, and been denied, is some showing of unavailability to attend the evidentiary hearing. It is

5

also evident that petitioner has made some good faith attempts to secure their attendance. Petitioner sought an order from this court to facilitate the visa applications and provided the Embassy with a copy of that order. In the absence of additional information, the court finds the unavailability of Anas and Rifaqat is a factor that weighs neither for nor against petitioner's motion to depose them.

### b. Unavailability of Din and Fahim

With respect to Dr. Din and Ms. Fahim, petitioner simply stated in his opening brief that they are "unable to travel to the United States due to his professional commitments." (ECF No. 672 at 6.) However, with his reply brief petitioner includes a declaration from attorney Donald Horgan. (ECF No. 680.) Therein, Mr. Horgan states that he recently spoke with Dr. Din and was told that Dr. Din cannot travel to the United States to attend the evidentiary hearing due to work commitments and that Ms. Fahim cannot come due to family commitments. The court finds this showing of unavailability weighs in favor of granting petitioner's motion with respect to these two witnesses.

### B. Witnesses have Material and Favorable Testimony

#### 1. Legal Standards

In <u>Omene</u>, the Ninth Circuit noted that the materiality standard under Rule 15 does not require a showing that the testimony is "conclusive[ly]" material. 143 F.3d at 1170. The court stressed that the standard is whether, "due to exceptional circumstances it is in the interest of justice that the testimony of a prospective witness be taken." <u>Id.</u> (citing Fed. R. Crim. P. 15(a)).

In <u>Jinian</u>, the court considered the relevance of the proposed testimony and whether it would likely be admissible at trial. After requiring additional briefing from the parties on Rule 15's materiality standard, the court found that most cases applying Rule 15 "require a stronger showing of materiality than mere 'relevance,' and consider whether the deposition testimony is 'highly relevant to a central issue in the case.'" 2010 WL 3910138, at *3 (citing <u>Drogoul</u>, 1 F.3d 1546). The other standard found by the <u>Jinian</u> court is whether the testimony "may be crucial exculpatory testimony." <u>Id.</u> (citing <u>United States v. Hernandez-Escarsega</u>, 886 F.2d 1560, 1569 (9th Cir. 1989)). The court in <u>Jinian</u> found it need not apply these stricter standards because the

6

defendant had not shown the proposed testimony was even relevant. Id.; see also Torre-Sanchez, 2014 WL 4370538, at *3 (court considered whether expected testimony was "favorable and material" and concluded defendants failed to show any specific favorable testimony from the witness).

### 2. Analysis

The court has already found petitioner's claim that his trial attorney, Wazhma Mojaddidi, failed to investigate alibi witnesses sufficiently meritorious to justify an evidentiary hearing. (June 7, 2017 Order (ECF No. 616).) The testimony of alibi witnesses is, indeed, "crucial" to that claim because it is the only way petitioner can establish prejudice from counsel's conduct. All four of these witnesses would testify about petitioner's presence in Behboodi or Rawalpindi during the time the government contended petitioner was in the Balakot region for three to six months at a jihadi training camp. (Decl. of M. Anas, Ex. T to § 2255 Mot. (ECF No. 532 at 102-103); Decl. of Rifaqat, Ex. Z to § 2255 Mot. (ECF No. 532-1 at 26); Decl. of F. Din, Ex. EE to § 2255 Mot. (ECF No. 532-2 at 6-7); Decl. of T. Fahim, Ex. II to § 2255 Mot. (ECF No. 532-2 at 27).) In fact, this court has already held that the proposed testimony of Mr. Anas and Mr. Rifaqat is "necessary" to petitioner's ineffective assistance of counsel claim. (Oct. 2, 2017 Order (ECF No. 643).) The proposed alibi testimony of Dr. Din and Ms. Fahim is similarly necessary.

The government again attempts to argue that an evidentiary hearing is unnecessary in the first place. This court granted an evidentiary hearing on petitioner's ineffective assistance of counsel claims in June, many months ago. The government never sought reconsideration of that order. The government's challenges to the merits of petitioner's ineffective assistance of counsel claims and to the decision to hold an evidentiary hearing are, at this point, untimely.

The government also argues that the proposed testimony is simply cumulative of testimony that petitioner can, and intends to, present from witnesses who currently reside in the United States. The court does not find this argument persuasive. The fact petitioner has more than one alibi witness does not make these witnesses' testimony significantly less relevant. Particularly where, as here, most of the alibi witnesses are related to petitioner and therefore may be considered biased, the more witnesses who testify to petitioner's whereabouts in Pakistan, the

7

more weighty that testimony may be. The court finds the proposed alibi testimony of these four witnesses material to petitioner's ineffective assistance of counsel claim.[2]

### C. Safety of Travel to Pakistan

The government makes an extensive argument that it is not safe for Americans, and particularly American government officials, to travel to Pakistan. In his reply brief, petitioner counters this argument by proposing conducting the depositions by video conference.

#### 1. Legal Standards

Courts in a number of cases have weighed the safety of foreign venues as a factor under Rule 15. See Olafson, 213 F.3d at 442-43 (one factor upon which the district court correctly relied was that "conditions in Mexico were unsafe for American prosecutors"); United States v. Cruz, 46 F.3d 1146, at *2 (9th Cir. 1995) (unpublished) (Among the factors the district court appropriately considered was the safety of the government attorney who would have to be sent to Mexico to depose the witness.); United States v. Jefferson, 594 F. Supp. 2d 655 (E.D. Va. 2009) (court found government had not made a sufficient showing that prosecutors would be in jeopardy in Nigeria).

In Moalin, the court found safety alone justified denial of a Rule 15 motion. The court noted that the "dangers of travel to Somalia are acute and present substantial risks to both United States personnel and defense counsel." 2012 WL 3637370, at *5. The court then cited evidence provided by the government about the State Department's warning to United States citizens to avoid travel to Somalia, recent terrorist violence there, and the fact Somalia had no U.S. State Department presence to assist United States citizens in case of emergency. Id. The court held

////

---

[2] Petitioner also seeks to depose Dr. Din and Ms. Fahim regarding the effects of a bout of meningitis petitioner suffered in 2000. That evidence may be relevant to petitioner's claim that Mojaddidi failed to move to suppress his confession and that, had she done so, this sort of evidence could have been introduced to show that petitioner was "physically and intellectually weak." (§ 2255 Mot. (ECF No. 531 at 75).) Because the court finds Dr. Din's and Ms. Fahim's alibi testimony sufficient to justify their Rule 15 depositions, it will allow petitioner to question these witnesses about the effects of petitioner's meningitis based on the potential relevance of that testimony to one of petitioner's ineffective assistance of counsel claims.

1 this factor "weighs strongly and, in and of itself, decisively against Rule 15 depositions going forward in Somalia." Id. at *6.

When considering the issue of safety, courts often consider the possibility of taking testimony by a different method. In Olafson, the court noted that a telephone deposition could have been a safe alternative, but further noted that the district court was not required to order one. 213 F.3d at 443. The Eleventh Circuit held that safety alone was not a sufficient reason to deny a Rule 15 motion where testimony could be taken by other means. Ramos, 45 F.3d at 1524 (While the "concern for the safety of an Assistant United States Attorney in Columbia may be warranted, it is obvious that our government has officials in Columbia who could attend" the deposition; it was "also clear that the deposition could be accomplished through written interrogatories.")

### 2. Analysis

The government cites a May 2017 travel warning issued by the State Department. It warns about terrorist violence, and specifically mentions that some victims of terrorist violence were targeted because they were United States citizens. (Ex. 1 to Gov't's Oppo. (ECF No. 678-1).) The warning also states that "Consular services provided by the American Embassy in Islamabad . . . are often limited due to the security environment." The warning even notes that United States government personnel may not "stay overnight at hotels in Pakistan." The court finds that risks to the safety of all parties who might travel to Pakistan for purposes of a deposition weighs against petitioner's motion for in-person depositions. However, the safety issues are largely, if not completely, alleviated by petitioner's proposal of testimony depositions by video conference.

### D. Timeliness of this Motion

The Ninth Circuit in Cruz considered the fact that a Rule 15 motion was filed "on the eve of trial" and that defendant was aware of the witness before that time as one of the reasons to affirm the district court's denial of a Rule 15 motion. 46 F.3d at *2. Similarly, in Zuno-Arce, the Circuit affirmed the district court's denial of a Rule 15 motion on the grounds that the defendant failed to show the witnesses were unavailable, that their expected testimony was relevant, and

////

1  that defendant had a "sufficient justification for making such a motion so close to trial." 44 F.3d
2  at 1424.

3     Certainly, the government is correct that this rush to conduct depositions in Pakistan is a
4  problem of petitioner's own making. He has had far more than enough time to make this motion
5  previously and simply failed to do so. Petitioner has not provided the court with any reasons why
6  he did not renew his Rule 15 motion before now. However, while the timeliness of petitioner's
7  motion may be a factor to be weighed against him, it should not be a primary basis for denying
8  the motion. See Ramos, 45 F.3d at 1524 (delay in making motion insufficient on its own to deny
9  Rule 15 motion). That is particularly true here. The timing of taking the testimony in this case is
10 not crucial. A § 2255 evidentiary hearing is not a criminal trial before a jury. Testimony for the
11 evidentiary hearing can be taken in bits and pieces, if necessary. Therefore, the court does not
12 find the timeliness issue weighs against petitioner in this case. That said, the court will require
13 these depositions to be completed within a set time period.

14     **E. Logistics of Taking Depositions in Pakistan**

15     The government makes much of the complications involved in holding depositions in
16 Pakistan, including obtaining visas, setting up a secure location, and obtaining permission to
17 conduct a United States legal proceeding in Pakistan. Because this court will hold that these
18 depositions be conducted by video-conferencing, many of the logistical problems are no longer a
19 concern. Further, as the court noted at the hearing, these logistical problems are petitioner's. If
20 petitioner is unable to make appropriate arrangements within the time period provided below,
21 then the court will likely not hear this testimony.

22     The government also raises the issue of what sort of oath the witnesses will take. Several
23 courts have considered the oath issue when determining whether to order Rule 15 testimony
24 depositions. In Moalin, the defendants proposed that an oath would be administered by a Somali
25 magistrate and subject to cross-examination by the government attorney. The court found "no
26 evidence . . . that the methods proposed by Defendants are either reliable or trustworthy. There is
27 no showing that an oath in Somali has the same meaning as an oath in this country (or one subject
28 to the Hague convention). There is no showing that an oath in Somalia is subject to penalties of

perjury and judicial process like those available in the United States." 2012 WL 363737370, at *6. The court concluded that "this factor of reliability and trustworthiness of the proposed depositions strongly disfavors Rule 15 depositions in Somalia." Id.

In United States v. Sapse, No. 2:10-CR-0370-KJD-GWF, 2011 WL 1576898, at *3 (D. Nev. Apr. 26, 2011), the court found the oath issue did not justify prohibiting a deposition in the Ukraine because the deponents would be subject to some penalty for false testimony. The deposition could proceed "so long as the witness takes an oath to tell the truth and is informed of the potential penalty for false testimony pursuant to the MLAT [the Treaty on Mutual Assistance in Criminal Matters between the U.S. and the Ukraine] and Ukrainian law."

Because the undersigned judge, rather than a jury, will make the credibility determinations in the present case, this court does not find that the oath issue must be resolved prior to ordering these depositions. However, as is obvious, it must be resolved prior to taking the depositions. The parties are free to argue the effect of the oath, and any penalties for false testimony, in their briefing after all the evidence is heard. The court can consider those issues when weighing the testimony of these witnesses.

**II.     Requiring the Government to Submit S-Visa Applications**

Petitioner throws out a suggestion for the first time in his reply brief that the court could order the government to submit applications for Mr. Anas and Mr. Rifaqat to obtain "S-Visas." (Reply (ECF No. 679) at 8-9.) Petitioner explains that only law enforcement officials can apply for these visas, the purpose of which is testifying in a court case. Petitioner cites no authority permitting the court to order the government to submit these applications and the court will not do so.

**CONCLUSION**

The expected testimony of these four Pakistani witnesses is highly relevant and necessary to petitioner's claim that Ms. Mojaddidi acted unreasonably when she failed to pursue an alibi defense. The primary factor weighing against petitioner's motion is the safety and security of the prosecution and defense teams in Pakistan. The court finds that safety issue sufficient, alone, to deny petitioner's motion for in-person depositions in Pakistan. Because that safety issue is

11

resolved by the use of video-conferencing, and because most of the other factors weigh in favor of petitioner's motion, the court will grant petitioner's motion but limit it to video-conferenced depositions.

The evidentiary hearing is set to begin on January 29, 2018. So that the court and parties may have all the evidence in a reasonable amount of time, petitioner must arrange for the testimony depositions by video conferencing of Mr. Anas, Mr. Rifaqat, Dr. Din, and Ms. Fahim to be held prior to March 31, 2018. While arranging these depositions is petitioner's responsibility, the court expects the government to cooperate in all reasonable ways to facilitate them. If the parties find they are at an impasse on the arrangements, they may move for assistance from this court.

Accordingly, IT IS HEREBY ORDERED that petitioner's Motion for an Order Authorizing Rule 15 Depositions (ECF No. 672) is granted in part and denied in part as follows:

1. Petitioner's request for authorization to conduct testimony depositions in person, in Pakistan, of Mr. Anas, Mr. Rifaqat, Dr. Din, and Ms. Fahim is denied.

2. Petitioner's request for authorization to conduct testimony depositions by video-conferencing of Mr. Anas, Mr. Rifaqat, Dr. Din, and Ms. Fahim is granted. Counsel for petitioner, counsel for the government, and this court shall participate in these depositions from the same location, presumably at the federal courthouse in Sacramento, California. Petitioner shall arrange for the depositions to be held prior to March 31, 2018.

Dated: December 19, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/hayat rule 15 depos.or