UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff/Respondent, <br> v. <br> HAMID HAYAT, <br> Defendant/Petitioner. | No. 2:05-cr-0240 GEB DB <br><br> ORDER |

Petitioner's Motion for Disclosure of the CIPA Filings and Record came on for hearing December 14, 2017. Dennis Riordan, Donald Horgan, Martha Boersch, and Sean Riordan appeared for petitioner. Andre Espinoza, Roger Yang, and Jennifer Levy appeared for respondent. After considering the parties' briefs, the record in this case, and the argument of counsel, the court finds, for the reasons set out below, that petitioner has failed to demonstrate good cause for discovery of the CIPA record and will deny his motion.

## RELEVANT BACKGROUND

### I. Pre-trial and Trial Proceedings

During the criminal trial proceedings, the government filed notices that it was submitting documents to the court on an ex parte and in camera basis for review under § 4 of the Classified Information Procedures Act, 18 U.S.C. App. 3, or "CIPA." (See, e.g., ECF Nos. 69, 105, 116, 122, 123, 167, 204, 279.) Section 4 of CIPA establishes this procedure to permit the trial judge

1

to consider the government's discovery obligations with respect to classified materials. The obligation to provide discovery is limited to information the judge determines to be "relevant and helpful" to the defense. See United States v. Sedaghaty, 728 F.3d 885, 904 (9th Cir. 2013) (citing 18 U.S.C. app. 3 § 4; Fed. R. Crim. P. 16(d)(1)). If the judge determines evidence must be provided to the defense, then he may consider in a § 4 proceeding whether an unclassified summary of the evidence, or substitution for the evidence, may be provided to the defense instead. Id. Apparently, some "summaries and substitutions" of classified information were provided to the defense in this case. (See ECF No. 612 at 97.) The substance of the government's § 4 submissions, the record of any proceedings, and the trial judge's rulings are all maintained under seal.

Section 6 of CIPA governs the use and admissibility of classified information. 18 U.S.C. app. 3 § 6. Under § 6, the court may hold an in camera hearing on those issues. That hearing would typically include counsel for the defense. However, if the § 6 hearing will involve a discussion of the classified information, at a minimum, those participating must have the appropriate security clearance.

It appears that the government sought a § 6 hearing in this case just once. In January 2006, the government asked the court for a hearing under § 6 to consider the admissibility of classified documents that were foundational to four aerial photographs of the Balakot area that prosecution witness Eric Benn would testify about at trial. (ECF No. 139; see also § 2255 Mot. at 44 n.37 (ECF No. 531-1 at 54 n.37).)

At a hearing on the government's motion, the government expressed concern, as did the trial judge, that despite knowing the case involved CIPA materials, the defense attorneys had not sought security clearances. The trial judge told the attorneys that they should have known this issue would arise because they had been aware, as early as the first § 4 notice in October 2005, that the government had been submitting CIPA materials to him. (See Trans. of Jan. 27, 2006 Hearing (ECF No. 398).) The issue was resolved when defendants and their counsel stipulated to admission of the four Balakot photographs and relinquished their right to participate in any in camera discussions held during trial about classified materials. (See Trans. of Feb. 3, 2006

Hearing (ECF No. 519).) Petitioner's trial counsel's failure to obtain security clearance and waiver of the right to see classified materials are some of the bases for petitioner's ineffective assistance of counsel claim. (§ 2255 Mot. at 41-49 (ECF No. 531-1 at 51-59).)

## II.     Post-conviction Proceedings

On January 11, 2017, petitioner moved for an evidentiary hearing. (ECF No. 603.) On June 7, 2017, the court granted petitioner's motion, finding an evidentiary hearing appropriate on petitioner's claims of ineffective assistance of counsel. (ECF No. 616.)

On June 29, petitioner filed a motion to propound interrogatories. (ECF No. 619). Petitioner proposed three interrogatories concerning the Balakot camp and two interrogatories concerning surveillance recordings of petitioner. On August 14, the court issued an order granting in part and denying in part petitioner's motion. (ECF No. 630.) The court denied petitioner's discovery request concerning surveillance recordings and granted the request regarding the Balakot camp.

On August 29, the government filed a motion for reconsideration of the court's August 14 order and a motion to stay that order. (ECF No. 633.) The government argued, among other things, that reconsideration was appropriate based on new facts. Those new facts were the CIPA § 4 proceedings at the time of trial. According to the government, the trial judge's rulings about the classified information considered in those proceedings were the "law of the case" and controlled the availability of CIPA information to petitioner. The government also filed a notice that it was submitting classified information to the court ex parte.[1] The undersigned reviewed both the government's ex parte, in camera classified submission, and a week later, the ex parte in camera classified CIPA § 4 record from the criminal case-in-chief. (See ECF No. 636.)

On October 10, the court granted reconsideration and affirmed its prior partial grant of petitioner's discovery motion. (ECF No. 649.) The court clarified the government's

---

[1] ECF No. 634 is the government's notice that sealed, classified information was submitted to the court on an ex parte basis; it is not the information itself, which, due to national security protocols, cannot be submitted on the record in this case, even under seal. The undersigned was required to obtain a security clearance via the court's Classified Information Security Officer, after which, the undersigned was presented with classified information for in camera review that had previously been presented to the trial judge.

3

responsibility to respond to the discovery. The court considered its discovery order potentially applicable to three categories of information: "(1) information already considered by Judge Burrell in § 4 proceedings; (2) information that was not provided to Judge Burrell for § 4 review; and (3) the foundational documents for the four Balakot aerial photographs used at trial by government expert Eric Benn." (Id. at 15.) Because Judge Burrell determined that information in the first category was not "relevant and helpful" to the defense, and because this court found no basis to overturn any of Judge Burrell's § 4 CIPA rulings, the court held that information falling in that first category need not be turned over. However, information in the second category that was responsive to the approved discovery should be. (Id. at 16.) Information in the third category fell within the scope of the discovery ordered and also should be provided to the defense.

The government sought reconsideration from the district judge of this court's October 10 order and a stay of the discovery orders pending reconsideration. (ECF Nos. 661, 665.) On October 31, the trial judge stayed the discovery orders. (ECF No. 668.)

On November 2, petitioner filed the present motion for disclosure of the CIPA record. (ECF No. 669.) Specifically, petitioner seeks the right to review the filings and records of the § 4 CIPA proceedings held during the criminal prosecution of this case. The government opposes the motion (ECF No. 671) and petitioner filed a reply (ECF No. 676).

## MOTION FOR DISCLOSURE OF CIPA RECORD

To demonstrate a right to review the CIPA § 4 record, petitioner must show good cause under Rule 6, Rules Governing Section 2255 Proceedings. Good cause for a discovery order exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997). Petitioner must demonstrate that the information sought is relevant to a claim in his petition and show how it would help him prove that claim. See Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999) (discovery not appropriate to "explore [a] case in search of its existence"); Calderon v. U.S.D.C. (Nicholaus), 98 F.3d 1102, 1106 (9th Cir. 1996) (habeas discovery inappropriate to "investigate mere speculation"); Wallace v. Barnes, No. 2:14-cv-0157

4

MCE EFB P, 2017 WL 4181059, at *15 (E.D. Cal. Sept. 21, 2017) (habeas discovery appropriate where it is limited to obtaining information on the claims in the petition; it is not appropriate to "collect wide-ranging evidence").

Petitioner argues the CIPA § 4 record is relevant to his claim regarding the failure of his trial counsel, Wazhma Mojaddidi, to seek a security clearance or associate counsel who had such a clearance. Petitioner contends Mojaddidi's failure to do so was either the result of a conflict of interest under Cuyler v. Sullivan or was unreasonable under Strickland v. Washington. Petitioner argues in his motion that the CIPA § 4 record is relevant to establishing an adverse effect under Cuyler and prejudice under Strickland. Therefore, petitioner must show that if Mojaddidi had security clearance, she would have had access to at least some of the CIPA § 4 record. Petitioner fails to make the requisite showing.

Nonetheless, the court can conceive of two arguable ways Mojaddidi could have had access to the § 4 record. First, the trial judge could have included cleared defense counsel in the § 4 proceedings to determine whether the classified information was "relevant and helpful" to the defense. Second, the trial judge could have made a decision that the government need not provide some information to the defense based, at least in part, on the fact defense counsel did not have security clearance. Petitioner establishes neither of these bases for showing that the CIPA record is relevant to the analysis of adverse effect under Cuyler or prejudice under Strickland.

**I.     Would Defense Counsel have Participated in the § 4 CIPA Proceedings if she had Security Clearance?**

Petitioner fails to show that if defense counsel had security clearance, she could have participated in the CIPA § 4 discovery proceedings. Petitioner stresses that the district court is not required to hold § 4 proceedings ex parte. The statute states that the court "may" permit the government "to make a request for such authorization in the form of a written statement to be inspected by the court alone." 18 U.S.C. app. 3 § 4. Petitioner cites several cases in which he claims, courts included security-cleared counsel in CIPA proceedings. (ECF No. 669 at 10-12.)
////

5

However, most of those cases do not support petitioner's position.  In <u>In re Terrorist Bombings of U.S. Embassies in East Africa</u>, 552 F.3d 93 (2d Cir. 2008), the defense had been provided classified information through discovery and the primary issue was whether that information could be used at trial.  Nothing in that decision indicates that the defense attorneys, even those with security clearance, were involved in a decision about whether they should be provided that discovery in the first place.  552 F.3d at 118-19.  The issue in <u>United States v. Abu Ali</u>, 528 F.3d 210 (4th Cir. 2008) was the same.  The court there considered the admissibility of classified evidence, not its discoverability

The court in <u>In re Terrorist Bombings</u> did consider one defense discovery request. However, the court's opinion states that it reviewed ex parte the information sought by the defense before concluding that is was not discoverable.  552 F.3d at 119.  This case thus does not support petitioner's contention that the defense in that case was involved in any sort of § 4 proceedings.

<u>United States v. Al Fawwaz</u>, No. S7 98-cr-1023 (LAK), 2014 WL 6997604 (S.D. N.Y. 2014) also does not support petitioner's position.  In that case, the issue was whether information that was determined to be discoverable could be limited to those on the defense team with a security clearance.  2014 WL 6997604, at *1.  Again, nothing in that opinion indicates that the defense was involved in any determinations about what information was discoverable.

Petitioner does cite one case that supports inclusion of defense counsel in § 4 proceedings. In <u>United States v. Brown</u>, No. 5:14-CR-58-FL, 2014 WL 1572553 (E.D. N.C. Apr. 18, 2014), the district court considered the government's request for an ex parte proceeding under CIPA to consider the necessity of providing certain classified information to the defendant in discovery. The court recognized that "[d]efendants and their counsel are in the best position to know whether information would be helpful to their defense, and courts have recognized that defendants are thus disadvantaged by not being permitted to see the information sought to be withheld from discovery and assist the court in assessing its helpfulness."  <u>Id.</u> at *3 (citing <u>United States v. Mejia</u>, 448 F.3d 436, 458 (D.C. Cir. 2006)).  The court also recognized that "a defendant is best situated to determine whether a proposed substitution provides him with substantially the same ability to

6

promote his defense as the original, classified material.  Because a court is not fully aware of the factual nuances of the case, it cannot on its own surmise, for example, whether the date of a particular communication would be helpful to the defense, or whether the number of times a certain topic was raised in conversation, or the specific wording used to express an idea, might support a defendant's theory of the case." Id. at *4.

The court in Brown also noted that the use of ex parte proceedings under CIPA § 4 has been upheld by courts.  Id.  But, it stressed that the determination of what may be "relevant and helpful" to the defense would be aided by the involvement of cleared defense counsel.  Id.  The court offered alternatives to defense participation in § 4 proceedings, such as having the defense submit for the court's in camera consideration a summary of anticipated defenses so that the court could more accurately evaluate whether the materials at issue may be relevant and helpful to the defense.  Id.

As the court in Brown recognized, the use of ex parte proceedings to consider discovery issues under CIPA has been approved by many courts.  The Ninth Circuit has specifically approved the use of ex parte and in camera proceedings to determine the discoverability of classified information.  United States v. Sedaghaty, 728 F.3d 885, 903–10 (9th Cir. 2013).  And, courts have rejected arguments similar to those petitioner makes here.  See United States v. Hanna, 661 F.3d 271, 296 (6th Cir. 2011) (argument that defense should be involved in the determination of whether evidence is material to the defense and should be disclosed is "without merit"); Mejia, 448 F.3d at 458 (recognizing both that the defense is in the best position to assess the helpfulness of information but that ex parte CIPA proceedings are appropriate, court gives defendant the benefit of the doubt when applying the relevant and helpful test under CIPA).

In Sedaghaty, The Ninth Circuit court noted that any challenge to the ex parte nature of these proceedings is a "battle already lost in the federal courts."  728 F.3d at 908 (citing United States v. Klimavicius-Viloria, 144 F.3d 1249, 1261 (9th Cir. 1998)).  The court finally stressed that the "simple fact that defense counsel held security clearances does not mean that the attorneys were entitled to access the government's classified filings." Id. at 909 (citing United States v. El–Mezain, 664 F.3d 467, 568 (5th Cir. 2011)).

7

Petitioner fails to show Mojaddidi would have been permitted to have a role in the discovery proceedings conducted by the trial judge. The fact that one district judge in North Carolina considered the propriety of defense participation in § 4 proceedings is insufficient to show that, in this case, there is any reasonable likelihood that the court would have included defense counsel in those proceedings. If the trial judge felt he did not have sufficient information about defense strategy to make rulings on what was "relevant and helpful," he could have done what was suggested by the court in <u>Brown</u> - ask the defense for an in camera summary of their anticipated defenses. He did not do so.

Therefore, it is apparent that the trial judge felt he could rule on the discoverability of the classified documents provided by the government based on the information he had before him. Nothing about the trial judge's statements at the January 27, 2006 hearing indicate otherwise. The trial judge's incredulity about defense counsel's failure to obtain security clearance was a direct response to the government's motion for a § 6 hearing regarding the admissibility of classified evidence, not about its discoverability. Petitioner fails to make a sufficient showing that defense counsel would have been included in the § 4 proceedings if she had security clearance.

Petitioner also makes a last-ditch argument that precluding the defense from the § 4 CIPA proceedings violated due process. The court finds nothing about this argument persuasive and, given the lack of legal authority and the Ninth Circuit's clear support for ex parte proceedings under § 4 of CIPA, rejects it. <u>See</u> Sedaghaty, 728 F.3d at 909 (ex parte proceedings under CIPA "did not violate [the defendant's] rights").

**II. Would the Trial Judge's Determinations in the § 4 CIPA Proceedings have been Different if Defense Counsel had Security Clearance?**

A second way petitioner could show an adverse effect or prejudice as a result of Mojaddidi's failure to obtain security clearance is to establish that the trial judge's rulings in the § 4 proceedings would have been different if defense counsel had security clearance. The only basis to make that assumption is one statement in one case.

1    In Brown the district court noted that the fact a defendant's attorney has security clearance could be factored into the disclosure consideration: "Where defense attorneys in a case have been granted the security clearances necessary to view the classified materials at issue, and a court has issued a detailed protective order prohibiting unlawful disclosures, while neither of these factors per se entitles defense counsel to view classified materials, they may weigh in favor of more complete disclosure of information." 2014 WL 1572553, at *3 (citing In re Terrorist Bombings, 552 F.3d at 120–122 (footnote omitted)).

While one district judge may have concluded that a defense counsel's security clearance could be factored into a § 4 disclosure determination, petitioner provides no reason to think the trial judge in this case came to that conclusion. The legal standards used to determine whether § 4 submissions should be disclosed do not provide for consideration of defense counsel's cleared status. The information was either, relevant and helpful to the defense, or it was not.

Case law is clear. CIPA does not change the government's obligations to comply with discovery. See Sedaghaty, 728 F.3d at 903 ("CIPA does not expand or restrict established principles of discovery and does not have a substantive impact on the admissibility of probative evidence."). In Sedaghaty, the Ninth Circuit explained in some detail how the § 4 process works:

> When considering a motion to withhold classified information from discovery, a district court must first determine whether, pursuant to the Federal Rules of Criminal Procedure, statute, or the common law, the information at issue is discoverable at all. United States v. Rewald, 889 F.2d 836, 847–48 (9th Cir.1989). If the material at issue is discoverable, the court must next determine whether the government has made a formal claim of the state secrets privilege, "'lodged by the head of the department which has actual control over the matter, after actual personal consideration by that officer.'" United States v. Klimavicius–Viloria, 144 F.3d 1249, 1261 (9th Cir.1998) (quoting United States v. Reynolds, 345 U.S. 1, 7–8, 73 S.Ct. 528, 97 L.Ed. 727 (1953)). Once a court concludes that the material is discoverable and that the state secrets privilege applies, then the court must determine whether the evidence is "relevant and helpful to the defense of an accused." Roviaro v. United States, 353 U.S. 53, 60–61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); United States v. Gurolla, 333 F.3d 944, 951 (9th Cir. 2003). If the information meets the "relevant and helpful" test, CIPA § 4 empowers the court to determine the terms of discovery, if any. 18 U.S.C. app. 3 § 4.

728 F.3d at 904.

////

Under § 4, then, the trial judge was required to do the following when considering the government's obligations to disclose information: (1) determine that the information was discoverable; (2) determine whether the government had made a formal claim of state secrets privilege; and (3) determine whether the information sought was "relevant and helpful" to the defense. Nothing about this test permits a judge to determine the defense was not entitled to relevant and helpful information because the defense attorneys did not have security clearance.

Further, even if the trial judge took into consideration defense counsel's lack of security clearance when determining what information the government was required to provide, that determination would not have resulted in prejudice to the defense. When the court finds classified information "relevant and helpful," it then determines whether an unclassified summary of the evidence, or substitution for the evidence, may be provided to the defense instead. See Sedaghaty, 728 F.3d at 904. That procedure was used in this case. There is no basis in the record to conclude that it did not adequately protect petitioner's rights at trial.

The court finds two additional points made by petitioner worth mentioning. First, petitioner claims that the government admitted that it withheld discoverable documents. Petitioner refers to the government's opposition to petitioner's 2006 motion to compel discovery. In that opposition, the government used a standard phrase to describe its discovery responses. The government stated that it had turned over all discovery except any discovery "that may be subject to litigation under CIPA." (See, e.g., ECF No. 159 at 12.) That stock phrase does not show the government withheld anything that the trial judge found "relevant and helpful" to the defense.

Further, that stock phrase is consistent with CIPA. As set out above, under § 4, the trial judge was required to both find the classified information discoverable AND find that it was relevant and helpful to the defense. That means he may have found some information responsive to petitioner's discovery requests but did not require the government to provide it to the defense because he determined it was not relevant and helpful. Moreover, nothing about this argument changes the fact that petitioner fails to show that if Mojaddidi had security clearance, anything about these § 4 proceedings would have been different.

In a second argument, petitioner contends the government felt the trial judge "trusted" them with respect to CIPA and looked to the government for "guidance" on CIPA issues. The implication here is that the trial judge favored the government in the § 4 proceedings. The court finds this argument baseless and petitioner's attempt show that trial judge did not vigorously and fairly consider whether the government was required to turn over classified information in discovery is not well taken.

**CONCLUSION**

Petitioner fails to demonstrate that discovery of the § 4 CIPA record might result in information relevant to his ineffective assistance of counsel claims. He has not established good cause for discovery of the CIPA record as required by Rule 6 of the Rules Governing Section 2255 Proceedings.

Accordingly, IT IS HEREBY ORDERED that petitioner's Motion for Disclosure of the CIPA Filings and Record (ECF No. 669) is denied.

Dated: December 20, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/hayat CIPA disco2.or