UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>    v.<br><br>HAMID HAYAT,<br><br>    Defendant/Petitioner. | No. 2:05-cr-0240 GEB DB<br><br><br><br>ORDER |

Respondent seeks reconsideration of this court's order denying respondent's motion to exclude the testimony of Imam Anwar. For the reasons set forth below, the court grants reconsideration and affirms its prior order denying respondent's motion.

**BACKGROUND**

On June 7, 2017, the court granted petitioner's motion for an evidentiary hearing. (ECF No. 616.) The court found a hearing appropriate on petitioner's claims of ineffective assistance of counsel. In one of those claims, petitioner alleges that his trial attorney, Wazhma Mojaddidi, failed to challenge expert testimony about a supplication or "ta'wiz" found in petitioner's wallet when he was arrested. At trial, the prosecution presented the testimony of Dr. Khaleel Mohammed, an expert on Arabic and Islam. Dr. Mohammed testified that the "kind of person" who would carry this supplication is "[a] person who perceives him or herself as being engaged in war for God against an enemy." See United States v. Hayat, 710 F.3d 875, 911 (9th Cir. 2013)

1

(Tashima, J., dissenting) (summarizing Dr. Mohammed's testimony at trial).  He further testified that a person carrying this supplication would be "engaged in jihad" and "insisted that 'there is no other way that it could be used.'"  Id.

At the evidentiary hearing, petitioner intends to present the testimony of Dr. Bernard Haykel, a Middle Eastern Studies professor and expert on Muslim culture, that the ta'wiz petitioner carried was a common Arabic prayer carried by Muslims, particularly when traveling.  In addition, petitioner intends to present the testimony of Tahir Anwar, an Imam from the San Francisco Bay area.

In his declaration, Anwar states that he is familiar with the Arabic language prayer found in petitioner's wallet. (ECF No. 637-14.)  As an Imam of a congregation made up largely of people of Indo-Pakistani origin, Anwar is "very familiar with South Asian religious and cultural practices."  He states that the practice of carrying this supplication, and others, is "extremely common among Muslims.  It is intended to protect the person from harm, much like the practice of carrying an amulet."  He states that he has "said this prayer on many mundane occasions – for example when visiting a gas station late at night."  He states that he has never heard anyone use this prayer for the purpose of engaging in "violent jihad."  (Id.)

Respondent moved to exclude Imam Anwar's testimony arguing that Anwar is not qualified to testify as an expert.  (ECF No. 642.)  The court agreed.  (Dec. 27, 2017 Order (ECF No. 685) at 8.)  However, the court found Anwar's personal experience with the ta'wiz carried by petitioner relevant to petitioner's ineffective assistance of counsel claim.  The court held that Anwar's testimony would be permitted as lay witness opinion testimony under Federal Rule of Evidence 701.

## MOTION FOR RECONSIDERATION

Reconsideration of a court's ruling is appropriate where a party did not have an opportunity to fully address the basis for the court's ruling.  See E.D. Cal. R. 230(j).  In the briefing on respondent's motion to exclude Anwar's testimony, petitioner did not raise the possibility of permitting Anwar to testify as a non-expert under Rule 701.  The court raised that

////

issue sua sponte. Because respondent has not had an opportunity to address this issue in writing, the court finds good cause to reconsider its prior ruling.

Respondent makes two arguments challenging the court's prior ruling. First, respondent contends that Anwar is not a percipient witness to any facts at issue in petitioner's trial. Second, respondent argues that Anwar's proposed testimony is not appropriate lay witness opinion testimony under Rule 701. Each argument is addressed below.

**I.     Is Anwar a Percipient Witness?**

Respondent relies on Federal Rule of Evidence 602 which requires that witnesses testify to matters of which they have personal knowledge. Rule 602 is an underpinning for Rule 701. Courts have held that a lay opinion must be based on the witness's personal knowledge. See Collier v. Turner Indus. Group, LLC, 797 F. Supp. 2d 1029, 1041 (D. Id. 2011).

The court finds respondent's argument somewhat confusing. One of the issues at petitioner's trial was the meaning of the ta'wiz found in petitioner's wallet. The government's expert testified that only a person "engaged in jihad" would carry this particular ta'wiz. Anwar would testify to his personal knowledge, based on his perceptions, of the use of this ta'wiz by himself and by others that would contradict Dr. Mohammed's characterization of the ta'wiz. While the court agrees that Anwar's testimony must be limited to what he has seen and heard regarding this ta'wiz, that testimony would be relevant to an issue at trial. Respondent provides no clear argument or authority to the contrary.

**II.    Is Anwar's Proposed Testimony Admissible under Rule 701?**

Rule 701 permits lay witness opinion testimony where the opinion is "rationally based on the witness's perception," is "helpful to . . . determining a fact in issue," and is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Civ. P. 701(a)-(c). In its second argument, the government focuses again on the requirement that Anwar's opinion be based on his personal experiences. As described above, the court agrees. Anwar may not testify to facts beyond those of which he has first-hand knowledge. However, Anwar's testimony that he has seen or heard others use this supplication in situations that did not reflect a "readiness to engage in war" is certainly relevant. See United States v. Skeet, 665 F.2d

983, 985 (9th Cir. 1982) (Testimony under Rule 701 must be "predicated upon concrete facts within [the witnesses'] own observation and recollection-that is facts perceived from their own senses, as distinguished from their opinions of conclusions drawn from such facts." (Internal quotations marks and citations omitted.)).

Further, respondent's contention that the ta'wiz carried by petitioner was an "unambiguous, clear statement" borders on the absurd. (See ECF No. 687 at 5.) Respondent's expert at trial did not simply translate the ta'wiz from Arabic to English. Rather, the expert opined on the meaning of the ta'wiz and why someone would carry it. Petitioner was certainly entitled to introduce evidence to the contrary at trial. And, lay witness testimony such as Anwar's is appropriate rebuttal to expert testimony. See Idaho Watersheds Project v. Jones, 127 F. App'x 976, 977 (9th Cir. 2005) (expert testimony is not only rebuttable by other expert testimony); Dorn v. Burlington No. Santa Fe R.R. Co., 397 F.3d 1183, 1193-94 (9th Cir. 2005) (testimony of "seemingly unbiased [lay] witnesses whose ordinary experiences would tend to rebut" an expert's conclusion should be permitted).

The court also notes respondent's assertion that Imam Anwar's testimony is not relevant because Anwar leads "a congregation of which Hayat was not a member, in a city in which Hayat did not reside." (ECF No. 687 at 6.) Dr. Mohammed's testimony at trial was not limited to the reason Pakistani Muslims residing in Lodi, California carried this ta'wiz. Dr. Mohammed asserted a general proposition that only a jihadist would carry it. Anwar's testimony would be evidence in rebuttal to this "sweeping conclusion." Hayat, 710 F.3d at 911 (Tashima, J., dissenting).

Imam Anwar has particularized knowledge based on his personal experiences about the use of the ta'wiz carried by petitioner at the time of his arrest. His testimony would have been helpful for a jury considering Dr. Mohammed's testimony that only a jihadist would carry this ta'wiz.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Respondent's motion for reconsideration (ECF No. 687) is granted; and

////

4

2. The court affirms its December 27, 2017 order permitting Anwar to testify as a lay witness.

Dated: January 23, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/hayat recon MIL.or2