IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent/Plaintiff,<br><br>v.<br><br>HAMID HAYAT,<br><br>Petitioner/Defendant. | CASE NO. 2:05-CR-240-GEB-DB<br><br>**ORDER TO RELEASE PETITIONER/DEFENDANT FORTHWITH AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**<br><br>COURT: Hon. Garland E. Burrell, Jr. |

For the reasons set forth in the Joint Stipulation to Release Petitioner/Defendant Forthwith and to Exclude Time Under the Speedy Trial Act, filed by Respondent/Plaintiff United States of America (the "government") and Petitioner/Defendant, Hamid Hayat, and for good cause shown, the Court finds:

1. On July 30, 2019, this Court entered an order vacating Hayat's conviction and sentence after finding that Hayat's privately-retained defense counsel, Wazhma Mojaddidi, provided him with Constitutionally ineffective representation during his 2006 criminal trial.

2. Thereafter, Hayat filed a motion for release, which remains pending.

3. Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, et seq., Hayat is entitled to a re-trial within 70 days from this Court's July 30, 2019 order.

4. The parties now propose to resolve Hayat's motion for release, and to exclude time for the purpose of computing the deadline under the Speedy Trial Act by which a re-trial must commence.

5. Specifically, Hayat agrees to submit to the following pre-trial release conditions:

   a. Hayat agrees to submit to pre-trial supervision by the United States Probation Office and comply with the below conditions and certain standard reporting requirements set forth in an Exhibit to the Court's Order;

1

b. Hayat agrees to limit his travel to within the geographic boundaries of the Eastern District of California and to seek advance permission from the supervising officer or the Court for any travel outside those boundaries;

c. Hayat agrees not to seek a new United States passport or a passport from any other country;

d. Hayat agrees not to travel outside of the geographic boundaries of the United States;

e. Hayat agrees to submit to a voluntary curfew at a residence approved by the supervising officer between the hours of 10:30 p.m. and 6 a.m., and agrees to seek advance approval from the supervising officer or the Court for any deviations from that curfew;

6. Under the above conditions, the United States does not oppose Hayat's motion for release.

7. The parties also jointly seek a status conference before this Court on September 20, 2019, to address scheduling for a re-trial.

8. The parties agree that a re-trial will require substantial preparation by Defense Counsel, as set forth in the parties' stipulation, and jointly request this Court exclude for purposes of calculating the deadline by which a re-trial must commence under the Speedy Trial Act, the period between the date on which this Court enters this order and September 20, 2019, inclusive, under Local Code T4.

9. The parties stipulate and agree that Defense Counsel believes that failure to grant the above-requested continuance would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10. The parties stipulate and agree that the ends of justice served by excluding time as set forth in this stipulation outweigh the interest of the public and Hayat in a trial within the original date prescribed by the Speedy Trial Act.

11. The parties further agree and stipulate that they will move to vacate the status conference should the United States decide not to pursue a re-trial in this matter, and, in that instance, the release conditions set forth above shall terminate upon the United States' filing of a motion to dismiss the Second Superseding Indictment.

12. Nothing in this order shall preclude a finding that other provisions of the Speedy Trial

2

Act dictate that additional time periods are excludable from the period within which a trial must commence.

**Accordingly**, pursuant to the parties' stipulation and for good cause shown, it is hereby

**ORDERED** that, the Bureau of Prisons ("BOP") shall release Petitioner/Defendant Hamid Hayat from custody forthwith but no earlier than a date and time the BOP determines acceptable after consultation with Hayat's counsel of record; and it is further

**ORDERED** that:

    a. Hayat shall submit to pre-trial supervision by the United States Probation Office for the Eastern District of California and comply with the below conditions and those set forth in Exhibit 1 to this Order;

    b. Hayat shall not travel outside of the geographic boundaries of the Eastern District of California without advance permission from the supervising officer or the Court;

    c. Hayat shall not to seek or obtain a new United States passport or a passport from any other country;

    d. Hayat shall not travel outside of the geographic boundaries United States ;

    e. Hayat shall submit to a voluntary curfew at a residence approved by the supervising officer between the hours of 10:30 p.m. and 6 a.m., and seek advance approval from the supervising officer or the Court for any deviations from that curfew; and it is further

**ORDERED** that, the parties shall appear for a status conference September 20, 2019, to address scheduling for a re-trial in this matter; and it is further

**ORDERED** that, under Local Code T4, the period between the date of this Order and September 20, 2019, inclusive, shall be excluded for purposes of calculating the deadline by which a re-trial must commence under the Speedy Trial Act, 18 U.S.C.§ 3161(h)(7)(A), B (iv); and it is further

**ORDERED** that, the parties shall move to vacate the status conference should the United States decide not to pursue a re-trial in this matter, and, in that instance, the release conditions set forth herein shall terminate upon the United States' filing of a motion to dismiss the Superseding Indictment, and it is further

**ORDERED** that, nothing in this order shall preclude a finding that other provisions of the

Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO ORDERED.**

Dated: 8/9/2019

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

**Exhibit 1: Additional Supervision Requirements**

1. You shall report to and comply with the rules and regulations of the Probation Office;

2. You shall report in person to the supervising officer within 72 hours of your release from custody;

3. You are to reside at a location approved by the supervising officer and not move or absent yourself from this residence for more than 24 hours without the prior approval of the supervising officer;

4. You shall cooperate in the collection of a DNA sample;

5. You shall not possess a firearm/ammunition, destructive device, or other dangerous weapon; additionally, you shall provide written proof of divestment of all firearms/ammunition currently under your control;

6. You shall refrain from excessive use of alcohol or any use of a narcotic drug or other controlled substance without a prescription by a licensed medical practitioner; and you shall notify the supervising officer immediately of any prescribed medication(s). However, medicinal marijuana, prescribed or not, may not be used;

7. You shall seek and/or maintain employment and provide proof of same as requested by the supervising officer;

8. You shall report any contact with law enforcement to the supervising officer within 24 hours.