IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Respondent/Plaintiff,<br><br>  v.<br><br>HAMID HAYAT,<br><br>  Petitioner/Defendant. | CASE NO. 2:05-CR-240-GEB-DB<br><br>**ORDER CONTINING HEARING AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT** |

    For the reasons set forth in the Stipulation to Continue Hearing and Exclude Time Under the Speedy Trial Act, filed by Respondent/Plaintiff United States of America (the "government") and Petitioner/Defendant, Hamid Hayat, and for good cause shown, the Court finds:

    1.    On July 30, 2019, this Court entered an order vacating Hayat's conviction and sentence after finding that Hayat's privately-retained defense counsel, Wahzma Mojaddidi, provided him with Constitutionally ineffective representation during his 2006 criminal trial.

    2.    Thereafter, on or about August 9, 2019, the Court granted the parties' joint stipulation permitting Hayat's release from custody under conditions set forth in the Court's order. Hayat was released the same day.

    3.    At the parties' request, the Court also scheduled a status conference in this matter for September 20, 2019. Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, et seq., the Court excluded the time between August 9, 2019, and September 20, 2019, from the calculation of time within which a re-trial must commence. Thereafter, at the parties' request, the Court rescheduled the status conference to November 22, 2019, and excluded the time between September 20, 2019, and November 22, 2019, from the calculation of time within which a re-trial must commence. Thereafter, at the parties' request, the

Court rescheduled the status conference to December 20, 2019, and excluded the time between November 22, 2019, and December 20, 2019, from the calculation of time within which a re-trial must commence.

4. The parties now jointly seek to continue the status hearing currently scheduled for December 20, 2019, to January 17, 2020, and seek a further exclusion of time for the purpose of computing the deadline under the Speedy Trial Act by which a re-trial must commence.

5. The parties agree that a re-trial in this matter will require substantial preparation by defense counsel, including a fresh review of all pre-trial discovery, which includes hours of recorded conversations and other exhibits, identification and preparation of experts and other defense witnesses, and potential pursuit of security clearances or co-counsel in possession of such clearances. Consequently, the parties jointly request this Court exclude for purposes of calculating the deadline by which a re-trial must commence under the Speedy Trial Act, the period between December 20, 2019, and January 17, 2020, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), Local Code T4.

6. The parties stipulate and agree that defense counsel believes that failure to grant the above-requested continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. The parties stipulate and agree that the ends of justice served by excluding time as set forth in this stipulation outweigh the interest of the public and Hayat in a trial within the original date prescribed by the Speedy Trial Act.

8. The parties further agree and stipulate that they will move to vacate the status conference should the United States decide not to pursue a re-trial in this matter, and, in that instance, the release conditions set forth in the Court's August 9, 2019 Order shall terminate upon the United States' filing of a motion to dismiss the Second Superseding Indictment.

9. Nothing in this order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

//
//

**Accordingly**, pursuant to the parties' stipulation and for good cause shown, it is hereby

**ORDERED** that, the status conference to address scheduling for a re-trial in this matter, currently scheduled for December 20, 2019, is continued to January 17, 2020; and it is further

**ORDERED** that, under Local Code T4, the period between December 20, 2019, and January 17, 2020, shall be excluded for purposes of calculating the deadline by which a re-trial must commence under the Speedy Trial Act, 18 U.S.C.§ 3161(h)(7)(A), B (iv); and it is further

**ORDERED** that, the parties shall move to vacate the status conference should the United States decide not to pursue a re-trial in this matter, and, in that instance, the release conditions set forth in this Court's August 09, 2019 Order shall terminate upon the United States' filing of a motion to dismiss the Superseding Indictment, and it is further

**ORDERED** that, nothing in this order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO ORDERED.**

Dated: December 18, 2019

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge